# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HANNAH BOCKER, SARAH BOCKER and BARBARA BOCKER as Administrator of the Estate of GERARD BOCKER and BARBARA BOCKER, Individually | ) ) ) ) ) | C.A. NO.:1:21-cv-01174-MN |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HARTZELL ENGINE TECHNOLOGIES LLC<br>2900 Selma Highway<br>Montgomery, AL 36108; | ) ) ) ) ) | JURY TRIAL DEMANDED |
| CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC.<br>2039 S. Broad Street<br>Mobile, AL 36615; and JOHN DOES 1-10; | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT HARTZELL ENGINE TECHNOLOGIES LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CIVIL ACTION COMPLAINT OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

**MARGOLIS EDELSTEIN**
Krista M. Reale, Esquire
DE Bar ID 4748
300 Delaware Ave. Ste. 800
Wilmington, DE 19801
302-404-4785
302-888-1119
*Attorney for Defendant*

Date: November 30, 2021

# TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS………………………………...1

II. SUMMARY OF ARGUMENT………………………………………………1

III. STATEMENT OF FACTS……………………………………………………3

IV. ARGUMENT…………………………………………………………………..3

    A.    **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**…………………….3

    B.    **Alternative Motion for More Definite Statement Pursuant to Rule 12(e)**……6

V. CONCLUSION………………………………………………………………..6

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………3, 4

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855 (E.D. Pa. 2017)……………………………...2, 5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)……..2, 3, 4

*Hynson By & Through Hynson v. City of Chester Legal Dep't*,
 864 F.2d 1026 (3d Cir. 1988)……………………………………………………..2, 5

*Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001)………………………………………….6

*Ware v. Transp. Drivers, Inc.*, 30 F. Supp. 3d 273 (D. Del. 2014)………………………..2, 3, 4, 6

*Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015)…………………..2, 5


**RULES**

Federal Rule of Civil Procedure 8(a)(2)……………………………………..………3, 4, 5, 6

Federal Rule of Civil Procedure 12(b)(6)……………………………………………………1, 3, 7

Federal Rule of Civil Procedure 12(e)……………………………………………………….3, 6, 7

Defendant Hartzell Engine Technologies LLC ("Defendant" or "HET") files this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e), because Plaintiffs plead conclusory allegations commingling claims against both Defendants and do not specify for which products HET is allegedly responsible. In support thereof, Defendant would respectfully show unto this Court as follows:

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Hannah Bocker, Sarah Bocker, and Barbara Bocker (individually and as the representative of the estate of Gerard Bocker) (hereinafter "Plaintiffs") filed their Civil Action Complaint ("Complaint") against HET and Continental Aerospace Technologies, Inc. ("Continental") on August 12, 2021, alleging strict liability, negligence, breach of warranties, negligent infliction of emotional distress, and wrongful death arising out of an accident in which an aircraft impacted Plaintiffs' home, which subsequently burst into flames, resulting in the death of Gerard Bocker and injuries to Hannah and Sarah Bocker. Defendant HET moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative requests that this Court order Plaintiffs to amend their Complaint to make a more definite statement, pursuant to Fed. R. Civ. P. 12(e).

## II. SUMMARY OF THE ARGUMENT

1. Plaintiffs' claims against HET, as pleaded in its Complaint, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted against HET in that it fails to give HET fair notice of the products for which Plaintiffs claim HET is responsible. "A complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

1

... claim is and the grounds upon which it rests.'" *Ware v. Transp. Drivers, Inc.*, 30 F. Supp. 3d 273, 275-76 (D. Del. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, (2007)).

2. The Third Circuit has criticized the unfortunately common "shotgun pleading" approach to complaints, noting that facts must be plead with specificity in order to provide the defendant with sufficient notice of the claims asserted. *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (citing the Third Circuit U.S. Court of Appeals case, *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)).

3. The *Bartol* court relied on the Eleventh Circuit case, *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015). The *Weiland* court characterized shotgun pleadings in a handful of ways, to include: "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" as well as the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. *see Bartol*, 251 F. Supp. 3d at 859. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321–23.

4. The Plaintiffs employ the shotgun pleading approach, and fail to separate allegations against Continental from those against HET or the components for which HET, as opposed to Continental, allegedly is responsible, thereby failing to give Hartzell adequate notice of what it is to defend against. A shotgun style complaint fails to comply with Fed. R. Civ. P. 8(a)(2). *Bartol*, 251 F. Supp. 3d at 860.

5. Granting a 12(b)(6) motion to dismiss is proper where the complaint lacks a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of what the claim is and upon what grounds the claim rests. *See Ware*, 30 F. Supp. 3d at 275–76.

6. Alternatively, Plaintiffs should be ordered to amend their Complaint to include a more definite statement as to each claim against HET, pursuant to Fed. R. Civ. P. 12(e).

### III. STATEMENT OF FACTS

On August 17, 2019, a 1984 Cessna T303 Crusader twin-engine aircraft, bearing FAA Registration No. N303TL and piloted by Francisco Knipping-Diaz, with two passengers on board, crashed shortly after take-off from Sky Acres Airport (44N) in Lagrangeville, NY. Complaint ¶¶ 16-21 [Docket No. 1]. The pilot refueled at 44N and shortly after takeoff the aircraft allegedly lost engine power. *Id.* at ¶¶ 20-23. The aircraft struggled to climb and subsequently crashed into the Bocker house, which burst into flames. *Id.* at ¶¶ 25-27. The pilot died in the crash, but both passengers survived. *Id.* at ¶¶ 18-19. Gerard Bocker died and his two daughters, Hannah and Sarah, were injured. *Id.* at ¶¶ 29-31.

### IV. ARGUMENT

By employing the forbidden shotgun approach to pleadings in their Complaint, Plaintiffs failed to meet the "short and plain statement" and notice requirements of Fed. R. Civ. P. 8(a)(2). Accordingly, this Court should grant Defendant HET's Motion to Dismiss or, in the alternative , order the Plaintiffs to provide a more definite statement of their pleading.

**A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).**

The United States Supreme Court's well-known "fair notice" pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 555-56, require

Plaintiffs to state their allegations with enough clarity to enable HET and this Court to determine whether a claim has been sufficiently alleged. Plaintiffs' Complaint categorically fails to meet the minimum pleading standards with respect to Defendant HET. Indeed, Plaintiffs' Complaint lacks direct allegations on the material elements of their claims against HET. HET and this Court are left searching for the actual basis of Plaintiffs' claims against HET, or exactly what actions by HET and products actually supplied by HET give rise to Plaintiff's' claims against HET. *See, Iqbal*, 556 U.S. at 678**.**

Plaintiffs' Complaint is muddled and confusing, in contravention of Fed. R. Civ. P. 8(a)(2). "A complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Ware*, 30 F. Supp. 3d at 275–76 (quoting *Twombly*, 550 U.S. at 545 (interpreting Fed. R. Civ. P. 8(a))).

Plaintiffs employ the approach known as shotgun pleading, thereby failing to give HET adequate notice of what it is to defend against. For example, Plaintiffs plead in Count I (Strict Liability) that both Continental and HET manufacture and provide engines, turbochargers and related parts (Complaint ¶ 91) and "aircraft engines, and its component parts including the engines and turbochargers and fuel delivery system within the engine assemblies" (*Id*. at ¶ 95). By way of further example, Plaintiffs fail to specify what role, if any, HET allegedly had in manufacturing or providing the engines, "related parts" and "fuel delivery system". They fail to specify the "related parts" and components in "the fuel delivery system" for which HET allegedly is responsible. As for the turbochargers, Plaintiffs claim HET is liable as a corporate successor and that HET supplied parts for the turbochargers but fail to identify the parts HET allegedly supplied.

The Third Circuit is critical of shotgun pleading and has held that a shotgun style complaint fails to comply with Fed. R. Civ. P. 8(a)(2). *See Bartol*, 251 F. Supp. 3d at 859-60 (citing the Third Circuit U.S. Court of Appeals case, *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)). The *Bartol* court relied in part on the Eleventh Circuit case, *Weiland*, where the court characterized shotgun pleadings in a handful of ways, to include: "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" as well as the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23; *see Bartol*, 251 F. Supp. 3d at 859.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321–23. Here, Plaintiffs' Complaint relies on both above-mentioned forbidden approaches. Every single count of the Complaint adopts the allegations of all preceding counts, causing each successive count to contain every previous count so that the last count is a combination of the entire complaint. *Id.; see Bartol*, 251 F. Supp. 3d at 859.

Furthermore, in the Complaint Plaintiffs assert multiple claims against Defendants without specifying which of the Defendants are responsible for which acts or omissions, or to which of the Defendants the allegations are directed. *See Bartol*, 251 F. Supp. 3d at 859; *Weiland*, 792 F.3d at 1321–23. Every single count in Plaintiffs' Complaint is directed toward

both or all Defendants.[1] The *Bartol* court described another court's characterization of this approach:

> In *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), the court found that a complaint that was fifty-eight pages long, named fourteen defendants, and charged all defendants in each count was "a quintessential 'shotgun' pleading" because it was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id.* at 1284.

*Bartol*, 251 F. Supp. 3d at 859–60. Plaintiffs commit the same errors here. Among Plaintiffs' five separate counts, there is not one single reference to HET that is separate from the other Defendant(s). It is a quintessential shotgun pleading.

Accordingly, HET is not adequately on notice as to what allegations it is to defend against. Because Plaintiffs' Complaint, by virtue of their use of shotgun pleading, violates the "short and plain statement" and notice requirements of Fed. R. Civ. P. 8(a)(2), this Court should grant Defendant HET's Motion to Dismiss. Granting a 12(b)(6) motion to dismiss is proper where the complaint lacks a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of what the claim is and upon what grounds the claim rests. *See Ware*, 30 F. Supp. 3d at 275–76.

**B. Alternative Motion for More Definite Statement Pursuant to Rule 12(e).**

Alternatively, at a minimum, HET requests that this Court order Plaintiffs to amend their original Complaint with a more definite statement because Plaintiffs' claims are "so vague or ambiguous" that HET "cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

### V.     CONCLUSION

Because of the foregoing, HET respectfully requests that the claims against it be

---

[1] Plaintiffs also name Doe Defendants 1-10.

6

dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, HET requests Plaintiffs be ordered to amend their Complaint to provide sufficient detail so that HET may properly respond, pursuant to Fed. R. Civ. P. 12(e).

**WHEREFORE** Defendant Hartzell Engine Technologies LLC prays that this Court grant its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, grant its Motion for a More Definite Statement under Fed. R. Civ. P. 12(e). Defendant further prays for all such other relief to which it shows itself to be entitled.

Respectfully Submitted,

**MARGOLIS EDELSTEIN**

*/s/Krista M. Reale*
Krista M. Reale, Esquire
(DE Bar ID 4748)
300 Delaware Ave. Ste. 800
Wilmington, DE 19801
302-404-4785
302-888-1119
*Attorney for Defendant*

Date: November 30, 2021