**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HANNA BOCKER, SARAH BOCKER and BARBARA BOCKER as Administrator of the Estate of GERARD BOCKER and BARBARA BOCKER, Individually<br><br>Plaintiff,<br><br>v.<br><br>HARTZELL ENGINE TECHNOLOGIES, CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC.<br><br>Defendants. | )<br>)<br>)  C.A. No.:21-cv-01174- MN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC.'S BRIEF IN SUPPORT OF RULE 12 (b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND/OR FOR A STAY OF PROCEEDINGS**</u>

Respectfully submitted,

WILKS LAW, LLC

<u>*/s/ Andrea S. Brooks*</u>
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Facsimile: (302) 225-0851
abrooks@wlblaw.com

Laurie A. Salita
SKINNER LAW GROUP
101 Lindenwood Dr., Suite 225
Malvern, PA 19355
(484) 875-3159
salita@skinnerlawgroup.com
(Admitted pro hac vice)

*Attorneys for Defendant Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc.*

# TABLE OF CONTENTS

I. **NATURE AND STAGE OF PROCEEDINGS** .................................................................. 1

II. **SUMMARY OF ARGUMENT** ........................................................................................... 2

III. **OPERATIVE FACTS** .......................................................................................................... 2

IV. **ARGUMENT** ......................................................................................................................... 4

    A. **PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED** ........................................................... 4

        **1. The Amended Complaint fails to set forth facts sufficient to put Continental on notice of a specific product defect and/or breach of a duty owed to Plaintiffs that proximately caused Plaintiffs' alleged injuries.** ......................................................... 4

        **2. The Amended Complaint sets forth causes of action and individual claims not recognized by Delaware law.** ........................................................................................... 9

            *a. Only a decedent's estate Administrator has the authority to maintain claims under Delaware's Wrongful Death and Survival Statutes.* ............................... 9

            *b. Delaware does not recognize causes of action sounding in strict products liability or breach of warranty under the Wrongful Death Act.* .................... 10

    B. **ABSTENTION OR A DISCRETIONARY STAY PENDING DISPOSITION OF CONTINENTAL'S PERSONAL JURISDICTION OBJECTION IN THE DUTCHESS COUNTY LITIGATION IS PROPER.** ........................................................... 11

        **1. Abstention under *Colorado River* and its progeny is appropriate.** .................... 12

            *a. This case and the Dutchess County Litigation are parallel actions.* ............ 12

            *b. The relevant factors heavily weigh in favor of abstention.* ......................... 13

        **2. A stay is also appropriate under this Court's inherent authority to control its docket.** ....................................................................................................................... 16

V. **CONCLUSION** ................................................................................................................... 18

**Federal Statutes**

28 U.S.C. § 1332 ................................................................................................................ 2

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 9

**Federal Cases**

*Adderly v. Stofko*, 646 Fed. Appx. 138 (3d Cir. 2016) ............................................... 4, 5

*Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp.*, No. 09-cv-8357, 2010 U.S. Dist. LEXIS 137527 (S.D.N.Y. Dec. 30, 2010) .......................................................................... 7

*Arçelik A.Ş v. E. I. du Pont de Nemours & Co.*, No. 15-961-LPS, 2018 U.S. Dist. LEXIS 45728 (D. Del. Mar. 20, 2018) ..................................................................................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 4

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855 (E.D. Pa. 2017) ...................................... 5

*Becker v. Beechcraft Corp.,* Civ. Act. No. 15-675-LPS-CJB, 2017 U.S. Dist. LEXIS 154031 (D. Del. September 21, 2017) ............................................................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 4

*Casrell v. Altec Indus.*, 335 So. 2d 128 (Ala. 1976) ....................................................... 7

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ........... 12, 13

*Cost Bros., Inc. v Travelers Indem. Co.*, 760 F.2d 58 (3d Cir. 1985) .......................... 16

*Gilbane Bldg. Co. v. Nemours Foundation*, 568 F. Supp. 1085 (D. Del. 1983) ..................... 12, 16

*Government of Virgin Islands v. Neadle*, 861 F. Supp. 1054 (M.D. Fla. 1994) .......................... 14

*Hemostemix, Inc. v. Accudata Sols.*, No. 20-881-RGA, 2021 U.S. Dist. LEXIS 60754 (D. Del. Mar. 30, 2021) ....................................................................................................... 16

*Hinkle v. Cont'l Motors, Inc.*, 2016 U.S. Dist. LEXIS 156338 (M.D. Fl. Oct. 26, 2016) .............. 8

*Hinkle v. Cont'l Motors, Inc.*, 2017 U.S. Dist. LEXIS 114834 (M.D. Fl. Jul. 24, 2017) ............... 8

*Hinkle v. Cont'l Motors, Inc.*, No. 16-cv-3707, 2017 U.S. Dist. LEXIS 168809 (D.S.C. Oct. 12, 2017) ............................................................................................................................. 14

*Horack v. Minott*, 1995 U.S. Dist. LEXIS 7583 (D. Del. May 26, 1995) .................................... 12

*Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026 (3d Cir. 1988) ......................................... 5

*Johnson v. Physicians Anesthesia Service, P.A.*, 621 F. Supp. 908 (D. Del. 1985) ...................... 9

*Landis v. North American*, 299 U.S. 248 (1936) ......................................................................... 16

*McCuistian v. LG Elecs. U.S.A., Inc.*, No. 15-cv-279, 2016 U.S. Dist. LEXIS 195365 (M.D. Ala. Dec. 2, 2016) ........................................................................................................................... 7

*McTernan v. City of York*, 577 F.3d 521 (3d Cir. 2009) ................................................................ 4

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) . 12, 13, 15

*Quinn v. AVCO Corp.*, No. 15-cv-1005-RGA, 2017 U.S. Dist. LEXIS 229941 (D. Del. May 19, 2017) ................................................................................................................................. passim

*Robinson v. Ruiz*, 772 F. Supp. 212 (D. Del. 1991) .................................................... 12, 13, 14, 16

*Ryan v. Johnson*, 115 F.3d 193 (3d Cir. 1997) ........................................................................... 12

*Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F. Supp 1323 (D. Del. 1987) ........................... 13

*United States v. Cargill*, 508 F. Supp. 734 (D. Del. 1981) .......................................................... 14

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) ........................... 5

**State Cases**

*Anderson v. Airco, Inc.*, No. 02C-12-091 HdR, 2004 Del. Super. LEXIS 210 (Del. Super. Ct. June 30, 2004) ................................................................................................................................. 7

*Cline v. Prowler Industries of Maryland, Inc.*, Del. Supr., 418 A.2d 968 (1980) ...................... 10

*Gott v. Newark Motors, Inc.*, 267 A.2d 596 (Del. Super. 1970) ................................................. 10

*Hammond v. Colt Industries Operating Corp.*, 565 A.2d 558 (Del. Super. Ct. 1989) ................ 10

*Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110 (Del. Super. Ct. 2014) ........................... 10

*Myer v. Dyer*, 542 A.2d 802 (Del. Super. Ct. April 10, 1987) ...................................................... 7

*Rogers v. Christina Sch. Dist.*, 73 A.3d 1 (Del. 2013)................................................................. 10

*White v. App Pharm., LLC*, No. N10C-04-061 CLS, 2011 Del. Super. LEXIS 652 (Super. Ct. Apr. 7, 2011) ............................................................................................................................ 10

## State Statutes

10 Del. C. § 3701 ....................................................................................................................... 9

10 Del. C. § 3724(e)................................................................................................................... 9

CPLR 3214(b)............................................................................................................................ 11

## Jury Instructions

DE Standard Jury Instructions, §21.1 (2000 Edition).................................................................. 7

# I. <u>NATURE AND STAGE OF PROCEEDINGS</u>

Plaintiffs are the surviving spouse (Barbara Bocker) and daughters (Sarah and Hanna Bocker) of the decedent Gerard Bocker, who was killed on August 17, 2019 when a Cessna T303 aircraft crashed into the family residence after an alleged simultaneous double-engine power loss shortly after takeoff from the Sky Acres Airport in Lagrangeville, New York. Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc. ("Continental") is currently aware of seven lawsuits that have been filed by and against various persons and entities arising in connection with this aircraft accident.

One or more of the Bocker Plaintiffs have filed three lawsuits in Dutchess County, New York. Two of those lawsuits are against the pilot of the aircraft, its owner/seller and/or lessor, and Sky Acres Enterprises, Inc., the owner of Sky Acres Airport. The third Dutchess County lawsuit was filed by Hannah, Sarah and Barbara Bocker (individually and as administrator of Gerard Bocker's estate) – the same Plaintiffs involved in this litigation – against Continental, Cessna Aircraft Corporation, Hartzell Engine Technologies ("Hartzell"), two entities that are alleged to have inspected and maintained the aircraft and/or overhauled one of its engines, the company operating out of Sky Acres Airport that sold fuel to the pilot prior to the accident, and a company owned by the pilot. Plaintiffs filed that lawsuit – *Bocker et al, v. Hergin Aviation, et al.,* No 2021-53475, Supreme Court of the State of New York, Dutchess County ("Dutchess County Litigation") – on August 12, 2021 and served Continental on October 15, 2021. *See* Exh. A. Continental maintains that it is not subject to personal jurisdiction in the New York state courts, and its Motion to Dismiss for Lack of Personal Jurisdiction, which Plaintiffs have opposed, remains pending in the Dutchess County Litigation.

The Bocker Plaintiffs filed this lawsuit on August 13, 2021 and served Continental on November 10, 2021. Defendant Hartzell filed a Motion to Dismiss in response to the Complaint

(D.I. 6-7) and, presumably to address arguments raised by Hartzell, Plaintiffs took the opportunity to file an Amended Complaint on December 14, 2021 (D.I. 9). Continental now moves to dismiss the Amended Complaint for the reasons set forth herein. Plaintiffs allege that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## II.     SUMMARY OF ARGUMENT

Plaintiffs' Amended Complaint, irrespective of whether New York, Delaware or even Alabama law[1] applies, fails to allege facts sufficient to give Continental fair notice of the claims against it or the grounds upon which each claim rests, because Plaintiffs have not identified a specific defect in a Continental product and/or activity that proximately caused Plaintiffs' injuries. *See* D.I. 9. Likewise, the Amended Complaint contains causes of action and individual claims not recognized under Delaware law. For these reasons alone, Plaintiffs' claims against Continental should be dismissed.

Moreover, courts should not permit plaintiffs to simultaneously maintain parallel lawsuits against a defendant involving the same facts and the same claims in different jurisdictions. Indeed, in the Dutchess County Litigation arising in connection with the same aircraft accident, Plaintiffs allege the same claims and seek the same redress against Continental as they do here. This Court has the power to dismiss Plaintiffs' Amended Complaint and/or to stay this litigation, under the doctrine of abstention and pursuant to its inherent authority, until the claims against Continental in the New York state court case have been resolved.[2] For the reasons stated herein, Continental respectfully seeks such relief.

## III.     OPERATIVE FACTS

On August 17, 2019, a Cessna T303 aircraft piloted by Francisco Knipping-Diaz departed Sky Acres Airport in Lagrangeville, New York after receiving fuel. Shortly after takeoff, the aircraft allegedly lost engine power, drifted, rolled and ultimately crashed into the Bocker family

---

[1] Continental is a Delaware corporation with its principal place of business and all manufacturing facilities in Mobile, Alabama.

[2] Though a stay is one remedy available to the Court here, such relief will not alone resolve the legally deficient nature of Plaintiffs' Amended Complaint.

residence. Gerard Bocker was fatally injured. Barbara Bocker, his wife, was not on site, but she was later named Administrator of his Estate and is a Plaintiff in this action. Daughters Hannah and Sarah were in or near the family home during and/or immediately following the accident. Both sustained personal injuries.

Plaintiffs seek damages under the Delaware Wrongful Death and Survival Statutes and have alleged claims against Continental for Strict Liability, Negligence and Breach of Express and Implied Warranties. Sarah and Hannah Bocker have also asserted claims for Negligent Infliction of Emotional Distress.

Plaintiffs allege that the Cessna T303 twin-engine aircraft was equipped with two Continental TSIO-520-AE3B model engines. *See* D.I. 9, ¶ 34. Plaintiffs claim that these engines were turbocharged and explain that turbochargers are installed to increase engine performance. *Id.* at ¶¶ 34-35. Without any specificity or detail concerning actual products, events and consequences related to this accident, Plaintiffs pontificate about design flaws in Cessna T303 Crusader aircraft generally, what may or may not generically occur prior to a theoretical power loss and how turbocharger malfunctions might result in power loss. For example, Plaintiffs allege:

- "[T]he single engine climb rate of the Crusader is negative until the gear are raised with a wind-milling prop, and increases further if the propeller is not feathered, leaving no margin for safety in the design of the aircraft in the event of a power loss." *Id.* at ¶ 47.

- "In the event that a turbocharger malfunctions or seizes, then the engine will not receive an appropriate fuel/air mixture and cause a loss of power." *Id.* at ¶ 36.

- "In the event of a turbocharger malfunction, a power loss is imminent, which is particularly dangerous after takeoff." *Id.* at ¶ 50.

Ultimately, however, Plaintiffs appear to conclude that the accident aircraft was unable to generate sufficient power to remain airborne as a result of a turbocharger malfunction. *Id.* at ¶¶ 43-69. Plaintiffs assert that defendant Hartzell was responsible for the "turbochargers and associated components, including the wastegates and controllers in the accident aircraft." *Id.* at 37.

## IV.  ARGUMENT

### A. PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

#### 1. The Amended Complaint fails to set forth facts sufficient to put Continental on notice of a specific product defect and/or breach of a duty owed to Plaintiffs that proximately caused Plaintiffs' alleged injuries.

Plaintiffs' improperly conflated, non-specific allegations fail to provide Continental with adequate notice of the claims against it or the specific grounds upon which those claims are based and therefore fail a Rule 12(b)(6) inquiry. In deciding a motion to dismiss, "all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *Adderly v. Stofko*, 646 Fed. Appx. 138, 141 (3d Cir. 2016), *citing McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). Nevertheless, to withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). And the court is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false. *Arçelik A.Ş v. E. I. du Pont de Nemours & Co.*, No. 15-961-LPS, 2018 U.S. Dist. LEXIS 45728, at *6 (D. Del. Mar. 20, 2018) (citations and quotations omitted). Determining whether a complaint states a plausible claim to relief is a context-specific task which requires the

court to draw on its judicial experience and common sense. *Adderly,* 646 Fed. Appx. at 141 (citations omitted).

The Third Circuit disapproves of "shotgun pleadings." *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017), *citing Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A shotgun pleading may: (1) contain "multiple counts where each count adopts the allegations of all preceding counts;" (2) be "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" and (3) "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id., quoting Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*, *quoting Weiland*, 792 F.3d at 1323. In sum, a plaintiffs' complaint must have clarity sufficient to avoid requiring a district court or opposing party to "forever sift through its pages in search of the nature of the plaintiff's claim." *Adderly,* 646 Fed. Appx. at 141 (citations omitted). In this case, the allegations of Plaintiffs' Amended Complaint are so conflated, vague (at least as to Continental) and indecipherable that Continental is left doing just that.

Continental is alleged to have supplied two engines – a right and a left engine on the Cessna T303 Crusader twin engine aircraft. Yet, Plaintiffs have not sufficiently articulated a Continental-supplied engine component in a specific engine (*i.e.* the right or left engine) that proximately caused the accident giving rise to this litigation. "Turbocharging systems including turbochargers, waste gates, turbo controllers" and undesignated "associated system components" appear to be the

general categories of aircraft products primarily alleged to have caused the power loss resulting in the accident. *See e.g.*, D.I. 9 at ¶ 68. **But, Continental is not – according to Plaintiffs' own Complaint – responsible for those components**.

The allegations of defect and causation against Continental subsumed within Counts I – VI improperly conflate and fail to distinguish between an independent defect in a particular Continental engine component versus defects in components for which Plaintiffs identified Hartzell as the responsible party. For example, Plaintiffs allege: "Continental designed, manufactured . . . supplied and/or provided the defective and unreasonably dangerous accident aircraft engines and its component parts including the engines and turbochargers and fuel delivery systems within the engine assemblies." D.I. 9 at ¶ 96. But, "The turbochargers and associated components, including the wastegates and controllers in the accident aircraft are the responsibility of the defendant Hartzell." *Id.* at ¶ 37.

The Amended Complaint likewise fails to specify a duty or breach of duty by Continental independent of the duties and alleged breaches underlying Hartzell's "turbochargers and associated components." For example, Plaintiffs allege: "Defendant breached its duties and was negligent... by virtue of the following: (a) failed to provide a properly designed engine, turbo charging system, including turbochargers, waste gates, turbo controllers, check and oil return valves and associated system components..." *Id.* at ¶ 18. Plaintiffs' causation allegations likewise fail. Precisely how the aircraft lost power from any Continental engine component defect (independent of Hartzell's turbocharging systems components) remains undescribed and unalleged. And aircraft engines have many, if not hundreds, of other components.

Irrespective of whether the substantive laws of New York, Delaware or even Alabama apply, it is axiomatic that in a product-liability case, a plaintiff must identify a breached duty by a

defendant and/or a specific defect in a product supplied by that defendant that proximately caused the plaintiffs' alleged injuries.[3]  Plaintiffs' allegations, though separated by defendant in independent counts, nevertheless fail to also separate the components for which Hartzell, as opposed to Continental, allegedly is responsible.[4]  Plaintiffs likewise fail to identify any specific

---

[3]  Under New York law, a plaintiff establishes a prima facie case of product liability for a design defect by showing: (1) that the product, as designed, posed a substantial likelihood of harm; (2) that it was feasible for the manufacturer to design the product in a safer manner; and (3) that the defective design was a substantial factor in causing plaintiff's injury.  *Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp.*, No. 09-cv-8357, 2010 U.S. Dist. LEXIS 137527, at *7-8 (S.D.N.Y. Dec. 30, 2010) (citations omitted).  And to plead and prove a manufacturing flaw under either negligence or strict liability, the plaintiff must show that a specific product unit was defective as a result of a mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction, and that the defect was the cause of plaintiff's injury. *Id.* (citations omitted).  In order to recover in negligence under New York law, a successful plaintiff must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party. *Id.* at *10 (citations omitted).  In *Am. Guarantee*, the United States District Court for the Southern District of New York held that the plaintiff did not "specify the actual defective component or the nature of the defect," and as this "unspecified defect could encompass any one of hundreds, if not thousands, of component parts," the court could not draw reasonable inferences that the defendant was liable as required by *Twombly* and its progeny.  *Id.* at *6-7.

To establish liability under Alabama's Extended Manufacturer's Liability Doctrine, a plaintiff must show: (1) he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if: (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.  And, proof of injury must proximately result from the product's defective condition. *Casrell v. Altec Indus.*, 335 So. 2d 128, 132-33 (Ala. 1976), *superseded by statute on other grounds as stated in McCuistian v. LG Elecs. U.S.A., Inc.*, No. 15-cv-279, 2016 U.S. Dist. LEXIS 195365, at *9 (M.D. Ala. Dec. 2, 2016).

To sufficiently plead negligence under Delaware law, a complaint must put the defendant on notice of what duty was breached, who breached it, the breaching act, and the party upon whom the act was performed.  *Anderson v. Airco, Inc.*, No. 02C-12-091 HdR, 2004 Del. Super. LEXIS 210, at *12 (Del. Super. Ct. June 30, 2004); *Myer v. Dyer*, 542 A.2d 802, 805 (De. Super. Ct. April 10, 1987); *see also* DE Standard Jury Instructions, §21.1 (2000 Edition) ("A party's negligence, by itself, is not enough to impose legal responsibility . . . Proximate cause is a cause that directly produced the harm, and but for which the harm would not have occurred").

[4]  In response to the original Complaint, Hartzell filed a Rule 12 Motion to Dismiss for failure to state a claim under *Twombly* and its progeny and argued, in sum, that Plaintiffs' conflated

material, quality control procedure, instruction or warning utilized or issued by Continental let alone how or why it was inadequate, dangerous, or defective. Plaintiffs' Amended Complaint also fails to set forth sufficient facts to allege how a Continental supplied defective product and/or a specific action or inaction by Continental renders it responsible for the accident. *See Becker v. Beechcraft Corp.,* Civ. Act. No. 15-675-LPS-CJB, 2017 U.S. Dist. LEXIS 154031, *15 (D. Del. September 21, 2017) (dismissing plaintiffs' product liability complaint against Continental despite adequate allegations to identify specific engine component defects because the complaint lacked "some factual articulation or explanation as to *whether and how* the identified defects in Continental's engine are said to be 'responsible for the lack of power or crash.'" (emphasis in original)); *see also Hinkle v. Cont'l Motors, Inc.*, 2016 U.S. Dist. LEXIS 156338 (M.D. Fl. Oct. 26, 2016) (dismissing as shotgun pleading aviation products liability complaint filed by Plaintiffs' counsel, where counts contained allegations irrelevant to the claim alleged and complaint was "disorganized, confusing, and repetitive"); *Hinkle v. Cont'l Motors, Inc.*, 2017 U.S. Dist. LEXIS 114834 (M.D. Fl. Jul. 24, 2017) (dismissing second complaint filed by same counsel in same litigation for same reasons).

Plaintiffs have not alleged the nature of any component defects in either of the right or the left engines on the accident aircraft against Continental, as required by *Twombly* and its progeny. Nor have Plaintiffs alleged whether or how such defects are responsible for the accident in question. Therefore, this case presents an even more persuasive argument in favor of dismissal

---

allegations with respect to products and claims against Continental and Hartzell left it impossible for Hartzell to be notified of its alleged responsibilities and the claims against it. D.I. 7. Plaintiffs thereafter filed an Amended Complaint, and although Plaintiffs inserted separate causes of action against Hartzell, the allegations against Continental – which were previously asserted against both Continental *and* Hartzell – remain substantively unchanged. Those claims therefore fail to distinguish between the defendants' alleged responsibilities and liabilities as discussed above.

than *Becker*. Plaintiffs' shotgun-style Amended Complaint fails to comply with Fed. R. Civ. P. 8(a)(2). Accordingly, the Court should grant Continental's Motion and dismiss it from this lawsuit.

## 2. The Amended Complaint sets forth causes of action and individual claims not recognized by Delaware law.

Claims raised under Delaware's wrongful death and survival statute by "all Plaintiffs" are improper because the administrator of the Estate of Gerard Bocker is the appropriate person to maintain the same. Therefore, claims raised under such statutes by any Plaintiff other than the alleged administrator, Barbara Bocker, must be dismissed. Additionally, if Delaware law applies to this matter, Plaintiffs' causes of action for strict liability and breach of warranty must be dismissed.

### a. *Only a decedent's estate Administrator has the authority to maintain claims under Delaware's Wrongful Death and Survival Statutes.*

The Amended Complaint improperly contains claims against Continental under Delaware's Wrongful Death and Survival Statutes by ***all Plaintiffs***. *See* D.I. 9, Counts V and VI. But, a claim under Delaware's Wrongful Death Statute "can be brought ***either*** by the personal representative 'for the benefit of' the wife, husband, parents, and child of a deceased person or by the named beneficiaries themselves," not simultaneously by both. *See Johnson v. Physicians Anesthesia Service, P.A.*, 621 F. Supp. 908, 916 (D. Del. 1985) (emphasis added); *see also* 10 Del. C. § 3724(e) ("Only 1 action under [this] subchapter lies in respect to the death of a person.") (emphasis added). Likewise, a "survival action" under 10 Del. C. § 3701, *et seq.*, can be brought on behalf of a decedent only by his executor or administrator. Accordingly, claims raised under Delaware's Wrongful Death Statute and Survival Statutes by any plaintiff other than Gerard Bocker's Estate Administrator, Barbara, must be dismissed as a matter of law.

*b.* *Delaware does not recognize causes of action sounding in strict products liability or breach of warranty under the Wrongful Death Act.*

Counts I and III of Plaintiffs' Amended Complaint, set forth strict liability and breach of express and implied warranty causes of action against Continental. *See* D.I. 9, Counts I and III. Application of Delaware law requires dismissal of Count I, as Delaware does not recognize a strict liability cause of action. The Uniform Commercial Code (UCC) preempts the field of sales and does not allow for the doctrine of strict liability when the product is sold. The remedies for the sale of products in products liability cases are confined to sales warranty law, with no remedy outside the UCC. *White v. App Pharm., LLC*, No. N10C-04-061 CLS, 2011 Del. Super. LEXIS 652, at *1 (Super. Ct. Apr. 7, 2011); *Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110, 124 (Del. Super. Ct. 2014) (dismissing the strict liability claims asserted against a helicopter manufacturer in a wrongful death lawsuit arising from a fatal crash) (citations omitted); *Hammond v. Colt Industries Operating Corp.*, 565 A.2d 558, 562 (Del. Super. Ct. 1989) ("Since the Supreme Court's decision in *Cline v. Prowler Industries of Maryland, Inc.*, Del. Supr., 418 A.2d 968 (1980), Delaware courts have refused to extend strict liability to cases involving the sale of a product even where it is alleged that the product is inherently dangerous.") (citations omitted).

Plaintiffs have also alleged claims for "breach of express and implied warranties" against Continental in Count III (D.I. 9), but under Delaware law, liability for wrongful death is premised upon "negligence" or "unlawful violence." *Gott v. Newark Motors, Inc.*, 267 A.2d 596, 599 (Del. Super. 1970); *see also Rogers v. Christina Sch. Dist.*, 73 A.3d 1, 6 (Del. 2013) ("In order for [plaintiff] to recover damages under the Delaware Wrongful Death Statute, [plaintiff] must show that the [defendant] was negligent."). Accordingly, breach of warranty is not an actionable in a claim in a wrongful death action. *Id.*

If any individual Plaintiff may be able to maintain a warranty claim outside of the Wrongful Death statute for her own independent personal injuries, the Amended Complaint fails to so distinguish, and the lack of clarity with respect thereto (as discussed in Section IV.A.1, *supra*) warrants dismissal of Count III in its entirety. Plaintiffs, not defendants, have the obligation to clearly articulate which plaintiffs are legally entitled to pursue which types of claims and/or damages.

## B. ABSTENTION OR A DISCRETIONARY STAY PENDING DISPOSITION OF CONTINENTAL'S PERSONAL JURISDICTION OBJECTION IN THE DUTCHESS COUNTY LITIGATION IS PROPER.

This Court has authority to dismiss or stay this action in favor of the Dutchess County Litigation, which arises from the same events, names the same parties, and involves the same claims as this action. For all the reasons set forth herein, dismissal is an appropriate and available remedy. Alternatively, this Court should stay this action pending final resolution of Continental's jurisdictional objection in the Dutchess County Litigation. A stay is appropriate both under the *Colorado River* abstention doctrine and by virtue of this Court's inherent discretion to manage its docket in the interest of judicial economy. As set forth below, both analyses lead to the same conclusion here: if not dismissed, this action should be stayed until it is conclusively determined whether Continental is subject to personal jurisdiction in New York.[5]

---

[5] New York law imposes an automatic stay on proceedings while designated motions to dismiss are pending before the court. *See* CPLR 3214(b). To date, the protections against discovery afforded by CPLR 3214(b) have been invoked by no less than three motions to dismiss for lack of personal jurisdiction filed by three different defendants. Plaintiffs should not be permitted to utilize this litigation as a vehicle to fast-track discovery in this Court when applicable New York law prevents it. Moreover, in matters involving multiple parties in different jurisdictions but only one aircraft wreckage available for inspection, all parties should be permitted to participate in wreckage inspections and investigations without fear of such evidence being disassembled, destroyed and/or tested in their absence. If Plaintiffs were permitted to use this federal litigation to strongarm all parties into participating in discovery during a stay imposed by another court, the protections afforded to parties under New York law would become meaningless.

### 1. Abstention under *Colorado River* and its progeny is appropriate.

"Under the *Colorado River* abstention doctrine, a federal court may exercise its power to stay or dismiss an action on the sole ground that a concurrent similar action exists in a state court which may resolve the controversy between the parties to the federal action." *Robinson v. Ruiz*, 772 F. Supp. 212, 214 (D. Del. 1991), *citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976) *and Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14 (1983). Abstention is appropriate where the defendant establishes that the federal and state actions are "parallel" and where the balance of "all relevant factors" favors dismissal or imposition of a stay. *See Gilbane Bldg. Co. v. Nemours Foundation*, 568 F. Supp. 1085, 1089 (D. Del. 1983) (citations omitted); *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). This case and the Dutchess County Litigation are parallel actions and the balance of all relevant factors favors abstention, as explained in detail below.

### a. *This case and the Dutchess County Litigation are parallel actions.*

The first prerequisite to abstention is satisfied because this litigation and the pending Dutchess County Litigation are parallel actions. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Quinn v. AVCO Corp.*, No. 15-cv-1005-RGA, 2017 U.S. Dist. LEXIS 229941, at *3 (D. Del. May 19, 2017), *quoting Horack v. Minott*, 1995 U.S. Dist. LEXIS 7583, at *17 (D. Del. May 26, 1995). Where the parties in the federal litigation are a subset of the parties in the state litigation, and the issues involved in both suits are identical, the "parallelism" requirement is easily satisfied. *See id.* (finding parallelism in products liability case arising from small plane crash where state court litigation named same defendants as federal litigation, plus additional defendants); *see also Gilbane Bldg. Co.*, 568 F. Supp. at 1089 (parallelism criterion "does not require that the actions be identical – the two actions

may involve different parties"). The defendants in this case – Continental and Hartzell – are two of the defendants in the Dutchess County Litigation, which also includes several other manufacturers and maintenance providers. The claims in the two cases are identical. Thus, the cases are "parallel" for abstention purposes.

  *b. The relevant factors heavily weigh in favor of abstention.*

  The balance of relevant factors weighs in favor of abstention. A federal suit should be dismissed or stayed in favor if a parallel state suit where the inequity or harm caused by proceeding with the parallel suits outweighs the province of the federal court to exercise its jurisdiction. *See Robinson*, 772 F. Supp. at 214, *citing Moses H. Cone*, 460 U.S. at 16. This Court has identified the following nine factors as relevant to the abstention analysis: (1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; (3) the order in which jurisdiction was obtained; (4) the presence of a <u>res</u> or property over which jurisdiction has been asserted; (5) whether federal law provides the rule of decision on the merits; (6) the adequacy of the state court proceedings to protect the plaintiff's rights; (7) the identity of the issues before the state and federal courts; (8) the existence of a federal policy militating either in favor of or against the stay; and (9) the existence of an important countervailing federal interest which federal courts might be more likely than state courts to respect or enforce. *Id*. at 214-15, *citing Colorado River*, 464 U.S. at 818-19, *Moses H. Cone*, 460 U.S. at 23, 26, *Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F. Supp 1323, 1326-27 (D. Del. 1987), *and United States v. Cargill*, 508 F. Supp. 734, 749 (D. Del. 1981). Here, the balance of interests weighs heavily in favor of staying this action pending the New York court's determination of its own jurisdiction over Continental.

  The first factor weighs in favor of abstention because Plaintiffs reside in New York (D.I. 9, ¶¶ 1-2, 4) and the events from which this case arises occurred in New York (*id.*, ¶¶ 16-31). *See*

*Quinn*, 2017 U.S. Dist. LEXIS 229941, at *4 (analyzing the first factor under analogous circumstances).

Regarding the second factor, abstention pending the New York court's disposition of Continental's personal jurisdiction objection will serve the "strong federal policy in favor of avoiding piecemeal litigation." *See Robinson*, 772 F. Supp. at 215. Continental's motion to dismiss for lack of personal jurisdiction in the Dutchess County Litigation has been fully briefed and is awaiting disposition by the trial court. If this action proceeds during the pendency of that motion, and Continental is ultimately found to be subject to jurisdiction in New York, then any rulings made by this Court in the meantime will either have preclusive effect in the New York litigation – with no opportunity for the additional New York defendants to be heard on those issues – or will have been a waste of this Court's judicial resources. Therefore, while parallel claims are pending in both jurisdictions, "avoidance of piecemeal litigation will be best served by granting a stay." *Quinn*, 2017 U.S. Dist. LEXIS 229941, at *4; *see also*, *e.g.*, *Hinkle v. Cont'l Motors, Inc.*, No. 16-cv-3707, 2017 U.S. Dist. LEXIS 168809, at *3-4 (D.S.C. Oct. 12, 2017) (reviewing procedural history wherein District of South Carolina stayed action pending disposition of personal jurisdiction and 12(b)(6) motions in parallel Florida district court litigation); *Government of Virgin Islands v. Needle*, 861 F. Supp. 1054, 1055-56 (M.D. Fla. 1994) (staying action brought by plaintiffs "to protect themselves" in the event that personal jurisdiction over the defendants failed in first-filed action).

The third factor similarly favors a stay, because more progress has been made in the Dutchess County Litigation, in which answers have been filed by several defendants and discovery demands served, whereas this litigation has not progressed past the motion to dismiss stage. *See*, *e.g.*, Plaintiffs' responses served in response to Berkshire Aviation defendants' Demand for Bill

of Particulars in New York litigation, attached hereto as Exh. B; *see also Moses H. Cone*, 460 U.S. at 21 (explaining that the third factor should be measured "in terms of how much progress has been made in the two actions").

The fourth factor is irrelevant because there is no <u>res</u> or property over which either court has asserted jurisdiction.

The fifth factor weighs in favor of abstention because all of Plaintiffs' claims will be decided under state law. *See Quinn*, 2017 U.S. Dist. LEXIS 229941, at *5 (analyzing fifth factor in case involving similar claims).

The sixth factor favors a temporally limited stay of these proceedings, as Continental is still a party to the Dutchess County Litigation and thus Plaintiffs' interest in maintaining their claims against Continental in a court of competent jurisdiction has been preserved. Should the Dutchess County Litigation proceed on the merits against Continental, such proceedings should adequately protect Plaintiffs' rights; Plaintiffs are New York residents, the events giving rise to this litigation occurred in New York, and Plaintiffs filed suit in New York first, initiating this action only as a savings action.

The seventh factor strongly favors abstention, as the issues involved in the two lawsuits are identical. *See Quinn*, 2017 U.S. Dist. LEXIS 229941, at *5-6; *see also Sea Colony*, 653 F. Supp. at 1326-27.

Likewise with respect to the eighth factor: the strong federal policies in favor of avoiding piecemeal litigation, promoting judicial economy and fostering comity among the federal and state judiciaries favor a stay of proceedings in this case pending the New York court's disposition of Continental's jurisdictional motion. *See Quinn*, 2017 U.S. Dist. LEXIS 229941, at *6; *Robinson*, 772 F. Supp. at 216.

Finally, there is no countervailing federal interest more likely to be promoted in this Court than the New York court.

Plaintiffs initiated this savings action to preserve their ability to pursue their claims against Continental in a court of competent personal jurisdiction, and none of the factors that this Court has identified as relevant to the *Colorado River* analysis precludes abstention here. To the contrary, abstention will promote comity by acknowledging the New York court's sole capacity to determine the extent of its own jurisdiction, conserve judicial and party resources, and avoid unnecessary piecemeal litigation.

**2.    A stay is also appropriate under this Court's inherent authority to control its docket.**

Independent from its ability to abstain under the formal analysis set forth above, this Court has the inherent authority to dismiss this action or grant a stay and should exercise that authority here. "Federal district courts have the inherent discretionary power to dismiss or stay proceedings pending the disposition of a parallel proceeding in a state court." *Gilbane Bldg. Co.*, at 1088 (citations omitted). This inherent discretion "is incidental to the power of every court to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.*, quoting *Landis v. North American*, 299 U.S. 248, 254 (1936); *see also Cost Bros., Inc. v Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). In exercising this discretion, courts will evaluate three factors: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the non-moving party, i.e. the balance of harms; (2) whether a stay will simplify the issues in question and trial of the case; and (3) how close to trial has the litigation advanced." *Hemostemix, Inc. v. Accudata Sols.*, No. 20-881-RGA, 2021 U.S. Dist. LEXIS 60754, at *7 (D. Del. Mar. 30, 2021) (internal citations and quotations omitted).

While dismissal of this action is appropriate for all the reasons set forth herein, staying this action would also be a proper exercise of this Court's discretion. Granting a stay pending the New York court's disposition of Continental's personal jurisdiction motion would avoid the prejudice to all parties inherent in litigating parallel cases in two different fora; it would simplify the issues involved by allowing the jurisdictional issue to be resolved by the New York court before the claims proceed to the merits stage of litigation; and would not delay the eventual trial of this case. The *Quinn* case, cited above, is instructive. There, two Wisconsin and two Minnesota plaintiffs filed products liability claims arising from a Wisconsin plane crash in this Court and in Wisconsin state court one day apart, naming Continental among the defendants; Continental moved to dismiss the Wisconsin action for lack of personal jurisdiction. Shortly thereafter, plaintiffs themselves moved to stay the action pending in this Court, asserting that they had filed it in order to "be thorough in preserving their claims" in case the Wisconsin court determined that it lacked jurisdiction over one or more of the non-Wisconsin defendants. *See* Plaintiffs' Motion to Stay in *Quinn v. Cont'l Motors, Inc.*, D. Del. No. 1:15-cv-01005-RGA (D.I. 24), attached hereto as Exh. C. In seeking a stay, the *Quinn* plaintiffs affirmed that in such circumstances, a stay would avoid prejudice to the parties and promote judicial economy. *See id.* at p. 3. No party opposed the *Quinn* plaintiffs' motion, and this Court stayed the action and ordered the parties to file a joint status report within 15 days of receiving an order on Continental's jurisdictional motion. *See Quinn*, D. Del. No. 1:15-cv-01005-RGA, D.I. 30 and 31.

As relevant to the instant motion to stay, this case and *Quinn* are analogous. Like *Quinn*, this is an aviation products liability litigation in which plaintiffs have filed claims against various domestic and foreign parties in the state court forum in which the accident occurred, as well as a parallel savings action against some of the foreign parties in this Court. In both cases, Continental

raised a personal jurisdiction objection in the state court.  As in *Quinn*, if the Court is not inclined to dismiss the entirety of Plaintiffs' Complaint against Continental, the Court should stay this action pending resolution of Continental's personal jurisdiction motion in the state court and order the parties to report within a reasonable timeframe after such resolution.

## V.    **CONCLUSION**

For the foregoing reasons, Continental respectfully requests that this Court dismiss Plaintiffs' Amended Complaint against Continental and/or stay this litigation pending resolution of Continental's jurisdictional motion in the Dutchess County Litigation.

Respectfully submitted,

WILKS LAW, LLC

*/s/ Andrea S. Brooks*
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Facsimile: (302) 225-0851
abrooks@wlblaw.com

Laurie A. Salita
SKINNER LAW GROUP
101 Lindenwood Dr., Suite 225
Malvern, PA 19355
Telephone: (484) 875-3159
salita@skinnerlawgroup.com
(admitted *pro hac vice*)

Dated: December 28, 2021                 *Attorneys for Defendant Continental Aerospace*
*Technologies, Inc.  f/k/a Continental Motors, Inc.*

## CERTIFICATION OF SERVICE

I, Andrea Brooks, hereby certify that the foregoing brief and accompanying motion, filed simultaneously herewith, have been electronically served, on this date, upon all counsel of record via this Court's electronic filing (ECF) system and upon identified, unrepresented parties, if any, via first class mail.

*/s/ Andrea S. Brooks*