# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

-------------------------------------------------------------------------X

HANNAH BOCKER, SARAH BOCKER and
BARBARA BOCKER as Administrator of the Estate of
GERARD BOCKER and BARBARA BOCKER Individually,

|  |  |
|---|---|
| **Plaintiffs**, | Index No.: 2021-53475 |
| -against- | **PLAINTIFFS' RESPONSE TO BERKSHIRE AVIATION ENTERPRISES, INC., BERKSHIRE AVIATION HOLDINGS, INC. AND BERKSHIRE AVIATION ENTERPRISES, LLC'S DEMAND FOR A VERIFIED BILL OF PARTICULARS** |

HERGIN AVIATION INC., KNIPPING-DIAZ and
ASSOCIATES INC., CESSNA AIRCRAFT
CORPORATION d/b/a n/k/a TEXTRON AVIATION,
INC., HARTZELL ENGINE COMPONENTS, INC.
HARTZELL ENGINE TECHNOLOGIES,
CONTINENTAL AEROSPACE TECHNOLOGIES,
INC. f/k/a CONTINENTAL MOTORS, INC.,
SOUTH TECAVIATION LLC
BERKSHIRE AVIATION ENTERPRISES, INC.,
BERKSHIRE AVIATION HOLDINGS, INC.
BERKSHIRE AVIATION ENTERPRISES, LLC, PINE
MOUNTAIN AVIATION, LLC, and JOHN DOES 1-
10,

**Defendants.**

-------------------------------------------------------------------------X

PLEASE TAKE NOTICE that, pursuant to CPLR, 3101(d), plaintiffs, HANNAH

BOCKER, SARAH BOCKER, BARBARA BOCKER, as Administrator of the Estate of

GERARD BOCKER and BARBARA BOCKER, individually, by their attorneys, CASCIONE

PURCIGLIOTTI AND GALLUZZI P.C., hereby respond to defendants BERKSHIRE

AVIATION ENTERPRISES, INC., BERKSHIRE AVIATION HOLDINGS, INC., BERKSHIRE

AVIATION ENTERPRISES, LLC's demand for a verified bill of particulars as follows:

1. The date and approximate time of day of the occurrence alleged in the Complaint.

**ANSWER:**

**August 17, 2019 at 4:28 p.m.**

1

2.      The location of the occurrence alleged in the Complaint including distances from identifiable points of reference, with sufficient detail to permit accurate identification.

**ANSWER:**

**235 South Smith Road, Lagrangeville, New York 12540.**

3.      A precise statement of all acts or omissions constituting the alleged negligence claimed.

**ANSWER:**

**HERGIN AVIATION is the entity responsible for managing the airport services, including, but not limited to, the fuel farm and fuel service, at the Sky Acres Airport. Specifically, Hergin Aviation manages the Sky Acres 24-hour self-service fueling station, which sells 100LL Avgas (blue) and is available to pilots 24/7. Its management necessarily includes ensuring the fuel is of an appropriate quality, non-contaminated, and safe for use, which it negligently failed to do.**

**KNIPPING-DIAZ AND ASSOCIATES, INC were negligent in ownership and operation of the accident aircraft through Francisco Knipping Diaz. In addition, Knipping-Diaz and Associates, Inc. negligently selected the accident aircraft, did not properly ensure the pilot's abilities and qualifications, and allowed the aircraft to be improperly maintained and operated on the day of the accident.**

**CESSNA AIRCRAFT CORPORATION d/b/a n/k/a TEXTRON AVIATION, INC. owed duties to the plaintiffs as the manufacturer and Type Certificate holder for the accident aircraft. Their negligence, actions and omissions resulted in the accident aircraft having powerplants which are prone to power loss, and the aircraft's inability to climb. As a result**

2

the accident aircraft the accident suffered a power loss on takeoff, crashed into Plaintiffs' residence, and caused the injuries and death to the plaintiffs.

HARTZELL ENGINE TECHNOLOGIES AND CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC. are sellers, manufacturers and designers of products in the accident aircraft's engines, including, but not limited to the turbocharger assemblies, and owed duties to Plaintiffs and Plaintiffs' decedent to act as reasonably prudent manufacturers, designers, sellers, overhaulers, and maintainers and distributors of the subject engines and accessories, including their turbocharging systems and associated system components, and not to design, manufacturer, or sell defective products. As a direct result of their failures and negligence in design and product support, the accident aircraft lost engine power and impacted the Plaintiffs' residence because they supplied components which were unreasonably dangerous, defective and did cause Plaintiffs' injuries and decedent's death.

SOUTHTEC AVIATION, LLC and BERKSHIRE AVIATION ENTERPRISES, INC., BERKSHIRE AVIATION HOLDINGS, INC., and BERKSHIRE AVIATION ENTERPRISES, LLC negligence was substantial in contributing cause in the crash of the accident aircraft and Plaintiffs' resulting injuries, damages and losses. These defendants had a duty to exercise reasonable care in regard to the maintenance, testing, troubleshooting, manufacture, installation, assembly, re-assembly, repair, inspection, and overhaul of the subject aircraft, its engines, turbochargers and its components, accessories, hardware and firmware. As a direct result of their negligence in maintaining the accident aircraft, the accident aircraft lost engine power and impacted the Plaintiffs' residence because they

3

supplied components which were unreasonably dangerous, defective and did cause Plaintiffs' injuries and decedent's death.

PINE MOUNTAIN AVIATION, LLC's negligence was a substantial contributing cause in the crash of the accident airplane and Plaintiffs' resulting injuries, damages and losses. Pine Mountain Aviation, LLC had a duty to exercise reasonable care in regard to the maintenance, testing, troubleshooting, manufacture, installation, assembly, re-assembly, repair, inspection, and overhaul of the subject aircraft's engine(s), turbocharger(s) and its components, accessories, hardware and firmware. As a direct result of their negligence in maintaining the accident aircraft, the accident aircraft lost engine power and impacted the Plaintiffs' residence because they supplied components which were unreasonably dangerous, defective and did cause Plaintiffs' injuries and decedent's death.

Discovery is ongoing and Plaintiffs reserve the right to supplement this response.

4.    If a defective and/or dangerous condition is alleged, set forth in detail the nature, manner and location of the particular condition that was responsible, wholly or partially, for the occurrence alleged in the Complaint.

**ANSWER:**

Objection to the extent this seeks premature disclosure of expert opinion. The accident aircraft lost power immediately after takeoff and the pilot was unable to control it. This dangerous condition existed due to defects in the aircraft's engines, fuel delivery system, turbocharging system, aircraft design and in the quality of the fuel it received.

Discovery is ongoing and Plaintiffs reserve the right to supplement this response.

4

5.    If a dangerous activity is alleged, set forth in detail the nature, manner and location of the particular activity that was responsible, wholly or partially, for the occurrence alleged in the Complaint.

**ANSWER:**

**The accident aircraft was dangerously defective. This danger existed from the moment it was fueled and took off from Sky Acres Airport and manifested itself when it hit the Bocker's residence.**

6.    State how it is claimed that the accident occurred.

**ANSWER:**

**On August 17, 2019 the accident aircraft was operated by Francisco Knipping-Diaz, who was traveling to visit some clients in Orange County, NY. He stopped at Sky Acres to fuel the aircraft in Lagrangeville, New York, and intended to return to Farmingdale, New York/Republic Airport.**

**Shortly after takeoff the aircraft lost engine power at a low altitude, and was unable to climb. The aircraft began to drift left, and the pilot attempted to straighten its course, continuing over the end of the runway and approached obstacles. Ultimately the plane was unable to climb due to the power loss, rolled left and impacted the Bocker residence, trees and the ground. Inside the Bocker residence was Hannah Bocker, her father Gerard Bocker, and sister Sarah Bocker. The aircraft almost immediately burst into flames as did the Bocker's house. In fact, Hannah Bocker, Gerard Bocker, and Sarah Bocker were inside, and witnessed the conflagration which ensued. Sadly, Gerard Bocker was consumed by the fire and perished. Hannah Bocker was severely burned all over her body due to the fire, inhaling smoke and sustaining internal and external thermal injuries. Sarah Bocker, was able to**

5

egress from a window of the house, suffering injuries and witnessing the horrors which befell her family.

Post-crash investigation confirmed the witness statements that the aircraft suffered a loss of power, resulting in its failure to climb, and inability for the pilot to maintain directional control. This loss of power occurred unexpectedly, just after the aircraft took off from the airport. The aircraft therefore crashed into the Bocker's house, causing the injuries, death and damages claimed herein.

Discovery is ongoing and Plaintiffs reserve the right to supplement this response.

7. State whether actual notice is claimed.

**ANSWER:**

Details of notice are unknown, pending discovery. By means of further response, the defendants had actual or constructive notice of the defects in the engines and their accessories, as well as the uncontrollability of the aircraft in the event of a power loss.

Discovery is ongoing and Plaintiffs reserve the right to supplement this response.

8. State whether constructive notice is claimed.

**ANSWER:**

Details of notice are unknown, pending discovery. By means of further response, the defendants had actual or constructive notice of the defects in the engines and their accessories, as well as the uncontrollability of the aircraft in the event of a power loss.

Discovery is ongoing and Plaintiffs reserve the right to supplement this response.

6

9.     If it is claimed that actual notice of the alleged condition and/or activity was given to the defendant, then state the following:

      a.   Whether the alleged notice was in writing or by oral communication;

      b.   The date and place of the notice;

      c.   The names and addresses of the recipients and the deliverers of the notice;

      d.   The substance of each such notice.

**ANSWER:**

    **Details of notice are unknown, pending discovery.**

10.     If constructive notice is claimed, then set forth a statement of facts which allegedly constitute such notice, including, without limitation, the names of the persons who allegedly have received such notice and the period of time (in minutes, hours, days, etc) that the alleged condition and/or activity existed.

**ANSWER:**

    **Details of notice are unknown, pending discovery.**

11.     State whether it is claimed that defendant or its agent(s), servant(s) and/or employees, caused or created the alleged condition and/or activity.

**ANSWER:**

    **Yes.**

12.     If it is claimed that defendant or its agent(s), servant(s) and/or employee(s), caused or created the alleged condition and/or activity, state the names of the persons who caused or

created the alleged condition and/or activity and state the date(s) and time(s) when the alleged condition and/or activity was caused or created.

**ANSWER:**

As to the **Hartzell Engine, Cessna and Continental defendants, this is pending discovery.**

As to defendant **Berkshire, Plaintiffs state that it, through its mechanics who signed off on the logbook entries, create this condition on or about October 18, 2018 and July 16, 2018 when it maintained/serviced the accident aircraft.**

As to the **Sky Acres/Hergin defendants, it caused the conditions alleged on the day of the accident, and when it received the fuel which was used at the time of the accident.**

As to defendant **Knipping-Diaz and Associates, Francisco Knipping-Diaz created the alleged conditions and/or activities which gave rise to this accident on the August 18, 2019.**

As to defendant **SouthTec Aviation, created the alleged conditions and/or activities which gave rise to this accident on or around July 17, 2019 when it maintained/serviced the accident aircraft.**

As to defendant **Pine Mountain Aviation, LLC, created the alleged conditions and/or activities which gave rise to this accident on or around July 17, 2018 when it overhauled the engine(s).**

Discovery is ongoing and Plaintiffs reserve the right to supplement this response.

13.    If a foreign substance is involved in the occurrence alleged in the complaint, describe the foreign substance with as much sufficient detail as possible to permit accurate identification thereof.

8

**ANSWER:**

      **Objection. Vague and ambiguous as to what constitutes a "foreign substance."**

14.     Set forth with specificity how and in what manner the defendant was negligent, detailing each act of negligence claimed.

**ANSWER:**

      **Objection to the extent this seeks premature disclosure of expert reports and opinion. Subject to that objection, see the response to number 3, above.**

      **Discovery is ongoing and Plaintiffs reserve the right to supplement this response.**

15.     Set forth a statement of the alleged injuries claimed to have been sustained as a result of the occurrence alleged in the Complaint, including the approximate date of the onset of the symptoms of each of the injuries claimed.

**ANSWER:**

**HANNAH BOCKER:**

**-88% total body surface area flame burns to head, neck, anterior/posterior trunk, bilateral upper & lower extremities, abdomen, chest, bilateral feet, bilateral hands**
**-multiple skin grafts, homograft, re-Cell application to head, neck, truck, bilateral upper and lower extremities**
**-left inferior L2 transverse process fracture**
**-tracheotomy placement after she was taken off ventilator and subsequent removal**
**-multiple blood transfusions**
**-thrombocytopenia requiring multiple platelet transfusions**
**-hospitalization complicated by plaintiff contracting the following infections for which she was treated with a myriad of antibiotics and antiviral medications:**

**candidemia, candida urinary tract infection (Candida catenulata), pneumonia (Stenotrophomonas maltophilia, Klebsiella pneumonia, Pseudomonas aeruginosa, Providencia rettgeri), bacteremia (Stenotrophomonas maltophilia, Pseudomonas aeruginosa, Alcaligenes faecalis), and soft tissue infections (mold, carbopenemresistant**

9

enterobacteriaceae (CRE) Klebsiella pneumonia, Stenotrophomonas maltophilia, Escherichia coli, Pseudomonas aeruginosa, Proteus vulgaris), cytomegalovirus and sepsis

-placement of enteral feeding tube for nutrition/supplemental nutrition
-acute respiratory distress syndrome
-Post impact terror and fear of impending death
 -Zone of Danger terror occurring as her father was killed in the fire
 -chronic anxiety
-depression
-post-traumatic stress disorder
-ongoing scar revisions to alleviate contracture
-Extensive disfiguring scars on face, head and body, inability to wear hearing aides due to loss of earlobes and painful ear tissue
-future plastic surgery
Surgeries including:
8/17/19 Escharotomies to bilateral hands, bilateral upper and lower extremities, neck and anterior trunk
8/21/19 Esophagogastroduodenoscopy (EGD) by gastroenterology
8/23/19 Fascial excision to neck, chest, bilateral breast, anterior shoulders and abdomen; 9:1 autograft from the areolas down, 3:1 autograft above to the upper chest and neck, homograft overlay; skin biopsy for cultured epidermal autograft (CEA) from right hip and homograft application; primary closure to periumbilical area
9/10/19 Tangential excision (TB) of left upper extremity and posterior trunk with homograft placement
9/17/19 TE and 2:1 homograft placement to bilateral lower extremities 9/20/19 Modified percutaneous tracheostomy - #8 Shiley
9/27/19 Wound debridement of posterior trunk and left upper extremity with 9:1 and 12:1 Split thickness skin graft (STSG) autograft application, ReCell and homograft application to above areas
10/3/19 TE and homograft application to face, right upper extremity and bilateral hands
10/10/19 STSG to face; wound debridement and homograft re-application to bilateral lower extremities
10/18/19 TE and wound debridement to right upper extremity (RUE) and bilateral hands with 9:1 autograft to RUE and 3:1 autograft to bilateral hands; ReCell application and homograft overlay to RUE and bilateral hands, TE of right flank and right hip with homograft application
10/25/19 Bilateral ectropion release with full thickness skin graft to bilateral periorbital areas
10/30/19 Debridement and washout of bilateral lower extremities with application of epidermal autograft (ReCell), split thickness skin graft and homograft overlay; Debridement of right heel decubitus ulcer 12/10/19 EGD and percutaneous endoscopic gastrostomy (PEG) tube placement bedside
12/12/19 EGD and placement of jejunal extension tube through PEG tube
12/18/19 Tracheostomy change to If 6.0 cuffless fenestrated tracheostomy
6/19/2020-6/21/20 Oral commissure release, with buccal mucosal advancement flap

10

**SARAH BOCKER:**

-Post impact terror and fear of impending death
-Zone of Danger terror occurring as her father was killed in the fire and her sister was burned
-chronic anxiety
-depression
-post-traumatic stress disorder
-smoke inhalation


**BARBARA BOCKER:**

-Loss of services
-Loss of consortium

**GERARD BOCKER:**

-Decedent suffered extensive burns and smoke inhalation which resulted in his death at the scene. Decedent suffered conscious pain, post-impact terror and fear of his impending death.


16.    Set forth a statement of the injuries claimed to be permanent as a result of the

occurrence alleged in the Complaint.

**ANSWER:**

**All injuries claimed are permanent.**


17.    Set forth the length of time, including dates, that the plaintiff has been and/or will

be totally disabled and/or partially disabled as a result of the occurrence alleged in the Complaint.

**ANSWER:**

**HANNAH BOCKER:**

Plaintiff HANNAH BOCKER is alive.  She is presently able to work from home for US Army Corps of Engineers.  She was unable to work at all from the date of the accident until October 2020 when she began to work from home approx. 10 hours per week. Since August 2021 she has been working full time, remotely for Army Corps of Engineers District Offices at 667 Ruger Road, Highland Falls NY 10996.  Although she

11

has gone into the office a few times, due to her vulnerable immune system and frequent surgeries she works 100% remotely.

**SARAH BOCKER: not applicable**

**BARBARA BOCKER: not applicable**

18.    State specifically whether or not plaintiff sustained a significant disfigurement as a result of the occurrence alleged in the Complaint. If so, state the nature and location of that disfigurement.

**ANSWER:**

**HANNAH BOCKER:**

**Plaintiff HANNAH BOCKER sustained 88% total body surface area flame burns to head, neck, anterior/posterior trunk, bilateral upper & lower extremities, abdomen, chest, bilateral feet, bilateral hands with multiple skin grafts, homograft, re-Cell application to head, neck, truck, bilateral upper and lower extremities. She has disfiguring burn scarring to all of the above areas.**

**SARAH BOCKER: not applicable**

**BARBARA BOCKER: not applicable**

19.    State whether or not plaintiff sustained a fracture as a result of the occurrence alleged in the Complaint. If so, state the type and location of said fracture.

**ANSWER:**

**HANNAH BOCKER:**

**-left inferior L2 transverse process fracture**

**SARAH BOCKER: not applicable**

**BARBARA BOCKER: not applicable**

**GERARD BOCKER: not applicable**

12

20. State whether or not plaintiff sustained a permanent consequential limitation of a body function or system as a result of the occurrence alleged in the Complaint. If so, state the permanent consequential limitation and the body function or system involved.

ANSWER:

**HANNAH BOCKER: plaintiff sustained a permanent consequential limitation of a body function or system in that the scars covering her body inhibit her movements and range of motion and she has already had to have surgery to cut into the scarred skin at the corners of her mouth (Oral commissure release) so that she can open her mouth more widely to eat, drink and communicate and future similar surgeries are expected.**

**SARAH BOCKER: not applicable**

**BARBARA BOCKER: not applicable**

**GERARD BOCKER: not applicable, he died as a result of his injuries.**

21. State the length of time that plaintiff was confined to a hospital or other health care facility as a result of the occurrence alleged in the Complaint, with the names and addresses of each such hospital or facility.

ANSWER:

**HANNAH BOCKER:**

**-Plaintiff was confined to Westchester Medical Center 100 Woods Road Valhalla, New York 10595 8/17/19- 12/31/2019**
**-Plaintiff was further confined to Helen Hayes Hospital, 51-55, Route 9W North, West Haverstraw, NY 10993 from January 1, 2020 through March 19, 2020.**
**-Plaintiff was further confined to the ER of Westchester Medical Center following a fall at Helen Hayes Hospital on February 28, 2020.**
**-Plaintiff was further confined to Westchester Medical Center from June 19, 2020 through June 22, 2020 for oral commissure release with buccal mucosal flap.**
**- Plaintiff had out-patient surgeries to address her scarring and strictures at Westchester Medical Center on 9/14/20, 11/25/20, 2/11/21, 4/7/21 and 5/28/21**

13

**SARAH BOCKER:**

**-Plaintiff was confined to Westchester Medical Center 100 Woods Road Valhalla, New York 10595 8/17/19**

**BARBARA BOCKER: not applicable**

22.     State the length of time that plaintiff was confined to the following as a result of the occurrence alleged in the Complaint, with dates of confinement:

      a.   Bed;

      **Plaintiff HANNAH BOCKER was confined to bed until she began a course of physical therapy during her stay at Helen Hayes.**

      b.   Home.

      **Plaintiff HANNAH BOCKER has been confined to home except for visits to medical providers since her release from Helen Hayes. She has begun working from home full time for the Army Corps of Engineers District Offices at 667 Ruger Road, Highland Falls NY 10996**

      The other plaintiffs, SARAH BOCKER and BARBARA BOCKER were not confined to bed or home.

23.     Set forth the length of time and the date(s) that plaintiff was incapacitated from employment as a result of the occurrence alleged in the Complaint.

**ANSWER:**

**HANNAH BOCKER:**

**Plaintiff HANNAH BOCKER was unable to work at all from the date of the incident through October 2020 when she started working part time, remotely. She returned to full-time status working remotely in August 2021. Although she has gone into the office a few times she now**

14

works 100% remotely.  She works for the Army Corps of Engineers District Offices at 667 Ruger Road, Highland Falls NY 10996

**SARAH BOCKER:**

**employment information - to be provided**

**BARBARA BOCKER:**

Due to the accident and the need to care for her daughter/co-plaintiff Hannah Bocker, plaintiff Barbara Bocker has left her employment for a loss of approx. 60k to date.  Barbara Bocker worked at Cardinal Hayes Home for Children in Millbrook, New York before the incident.

24.    State the name(s) and addresses of the employers concerning the employment referred to in response to the item enumerated as "23" above, together with a description of said employment, including, without limitation, the amount of weekly and yearly wages, gross and net, received by the plaintiff at the time of the occurrence.  If self-employed, state his income for each of the five (5) years preceding and up to the occurrence alleged in the Complaint and one (1) year subsequent to the occurrence alleged in the Complaint.

**ANSWER:**

**HANNAH BOCKER – Plaintiff is and was employed by the New York District U.S. Army Corps of Engineers, 26 Federal Plaza New York, New York  10028.  She is and was a student trainee, hourly rate was $16.00 working 40 hours a week until accident.**

**SARAH BOCKER – to be provided**

**BARBARA BOCKER – Due to the accident and the need to care for her daughter/co-plaintiff Hannah Bocker, plaintiff Barbara Bocker has left her employment for a loss of approx. 60k to date.**

15

**GERARD BOCKER – Plaintiffs' decedent retired from his employment with Verizon in 2012 and was working for the town recycling center per diem, filling in for vacationing employees from 8-4 at minimum wage.**

25.     Set forth the total amount which the plaintiff claims to have sustained and/or the total amount the plaintiff claims will be sustained in lost earnings/wages as a result of the occurrence alleged in the Complaint.

<u>ANSWER:</u>

**HANNAH BOCKER:**

**Past lost wages approx. $50,000 future lost wages will exceed 2.2 million dollars**

**SARAH BOCKER: to be provided**

**BARBARA BOCKER:**

**Due to the accident and the need to care for her daughter/co-plaintiff Hannah Bocker, plaintiff Barbara Bocker has left her employment for a loss of approx. 60k to date**

**GERARD BOCKER: to be provided**

26.     Set forth by Chapter, Article, Section and Paragraph each statute, ordinance, rule or regulation, if any, which is claimed the defendant violated with reference to the occurrence alleged in the Complaint.

<u>ANSWER:</u>

**Objection to the extent this seeks premature disclosure of expert reports and opinion. As to the Berkshire defendants, Plaintiffs state that it violated 14 C.F.R. Part 43, including its appendix, in rendering maintenance services and returning to service the accident aircraft. Further, this defendant committed negligent acts in violation of its duties exiting under common law.**

16

**Discovery is ongoing and Plaintiffs reserve the right to supplement this response.**

27.     Set forth the plaintiffs' residence and post office addresses, now and at the time of the occurrence alleged in the Complaint.

**ANSWER:**

**Plaintiffs. HANNAH BOCKER, SARAH BOCKER, and BARBARA BOCKER resided together at 235 South Smith Road, Lagrangeville, New York 12540 until the day of the accident. Their current address is P.O. Box 528, Fishkill, NY 12524.**

28.     Set forth the plaintiffs' date of birth.

**ANSWER:**

**Plaintiff objects to the portion of this request seeking Plaintiff's social security number and date of birth. The Privacy Act of 1974, Public Law 93-579, Section 7, enacted by the U.S. Congress and the federal legislative scheme involving the use of social security numbers, establishes a legitimate expectation of privacy of a person in their social security number, prohibits the disclosure of said social security number, and prohibits a state from penalizing an individual in anyway because of failure to reveal his or her social security number upon request. In addition, the E-Government Act, Public Law 107-347(2002) prohibits the use of a social security number as well as the full date of birth in a court proceeding. If a date of birth is to be used in a court proceeding only the year must be disclosed. Without waiving this objection, Plaintiffs HANNAH BOCKER, BARBARA BOCKER AND SARAH**

BOCKER and Plaintiffs' decedent, GERARD BOCKER'S birthdates will be provided in HIPAA authorizations.

29.     Set forth the plaintiffs' social security number.

**ANSWER:**

**Plaintiff objects to the portion of this request seeking Plaintiff's social security number and date of birth. The Privacy Act of 1974, Public Law 93-579, Section 7, enacted by the U.S. Congress and the federal legislative scheme involving the use of social security numbers, establishes a legitimate expectation of privacy of a person in their social security number, prohibits the disclosure of said social security number, and prohibits a state from penalizing an individual in anyway because of failure to reveal his or her social security number upon request. In addition, the E-Government Act, Public Law 107-347(2002) prohibits the use of a social security number as well as the full date of birth in a court proceeding. If a date of birth is to be used in a court proceeding only the year must be disclosed. Without waiving this objection, Plaintiffs HANNAH BOCKER, BARBARA BOCKER AND SARAH BOCKER and Plaintiffs' decedent, GERARD BOCKER'S social security numbers will be provided in HIPAA authorizations.**

30.     With respect to medical care and treatment rendered to the plaintiff (if any) following the subject occurrence, set for the following:

    a.  Names and address of any hospital(s) rendering medical care and treatment and the date(s) of said care and treatment;

    b.  Names and addresses of any doctor(s)/physician(s) rendering medical care and treatment as well as the date(s) and place(s) of each said care and/or treatment by, or visit to, such doctor(s)/physician(s);

18

    c.  Names and addresses of any physical and/or mental therapist(s) rendering treatment, care or examination and the names and addresses of such therapist(s), as well as the date(s) and place(s) of each said treatment, care and/or examination by, or visit to, said therapist(s).  Please also, indicate the said therapist's area of expertise.

**ANSWER:**

**HANNAH BOCKER:**

**a. Westchester Medical Center**

**b. all doctors are on staff at WMC (to be provided)**

**c. to be provided**

**SARAH BOCKER:**

**a. Westchester Medical Center**

**b. to be provided**

**c. to be provided**

**BARBARA BOCKER: n/a**

**GERARD BOCKER: n/a**


31.    Set forth the total amount claimed as special damages for the following, and in each instance set forth the dates that care is alleged to have been rendered and the names and addresses of the providers:

    a.  Physicians' services;

    b.  Medical supplies;

    c.  X-rays;

    d.  Hospital expenses;

    e.  Nurses' services, together with the names and addresses to whom paid;

19

  f. All other expenses, damages and injuries which will be claimed by the plaintiff, including but not limited to household help expenses, together with the names and addresses of the recipients thereof.

**ANSWER:**

**HANNAH BOCKER:**

  **a. Physician services……….. to be provided**

  **b. Medical supplies ………… to be provided**

  **c. X-Ray expenses ……….. included in hospital expenses**

  **d. Hospital expenses …….. $6,566,458.35+ (as of 7/16/2020, plaintiff has been back for additional surgery since this time and amount will be supplemented accordingly)**

  **e. Nurses; services ……….. included in hospital expenses**

  **f. All other expenses …….. to be provided**

**SARAH BOCKER:**

  **a. Physician services……….. to be provided**

  **b. Medical supplies ………… n/a**

  **c. X-Ray expenses ……….. n/a**

  **d. Hospital expenses …….. to be provided**

  **e. Nurses; services ………..n/a**

  **f. All other expenses ………. Prescription medications Ongoing and to be provided**

**BARBARA BOCKER:**

  **a. Physician services……….. n/a**

  **b. Medical supplies ………… n/a**

  **c. X-Ray expenses ……….. n/a**

**d. Hospital expenses ........ n/a**

**e. Nurses; services ...........n/a**

**f. All other expenses ........ Lost earnings; Due to the accident and the need to care for her daughter/co-plaintiff Hannah Bocker, plaintiff Barabara Bocker has left her employment for a loss of approx. 60k to date;** Loss of Services; **Approx. 500k** Loss of parental guidance; **750k** and, Loss of inheritance. **Approx. 250k, Loss of fair market value of house approx. $295,000.**

**Personal property destroyed:**

**Wedding ring and Engagement ring $5,000**
**Wedding album & Video; Priceless**
**2 desktop computers $900**
**1 high-tech computer (Hannah Bocker) $4,000**
**4 laptops $3,800**
**4 Televisions $1200**
**12 electric guitars $22,000**

**3 acoustic guitars $1,200**
**1 drum set (William Bocker) $975**
**Camera collection $30,000**
**Go Pro Camera $275**
**Waterford crystal salt and pepper shakers $200**
**Waterford vase $500**
**12pc setting Waterford place setting $1800**
**4 bicycles $1200**
**2 kayaks $700**
**Vinyl record collection $5000**
**DVD and tape collection $1200**
**Motion picture camera and projector $400**
**New luggage collection $1100**
**Bed, armoire, dining table and 6 chairs $2800**
**Appliances: Stove, oven, microwave, refrigerator, freezer, washer, dryer, dish washer $14,000**
**`Family photo album with pictures of parents, grandparents and great grandparents handwritten love letters and recipes Priceless**
**Barbara Bocker's parents wedding rings $2000**
**Assorted Clothing $8000**
**Exercise Bike & Free Weights $900**
**Food & Pantry Items $2200**
**Cookware $1700**
**Pet Supplies $1800**
**Weber Kettle Grill $360**
**Asstd Contents; Lamps, framed art, books, linens, china, collectibles $35,000**

**GERARD BOCKER: n/a**

32.     Set forth each occurrence prior to the occurrence alleged in the Complaint, in which the plaintiff sustained an injury to any portion of his body alleged to have been injured during the occurrence alleged in the Complaint and whether or not medical care was obtained.  If medical care was obtained, set forth the names and addresses of each and every health care facility/physician/therapist who treated or examined plaintiff for such prior injury.

**ANSWER:**

**HANNAH BOCKER: not applicable**

**SARAH BOCKER: not applicable**

**BARBARA BOCKER: not applicable**

**GERARD BOCKER: not applicable**


33.     State whether the occurrence alleged in the Complaint was reported to defendant or anyone on behalf of the defendant.  If the occurrence was reported:

a. State the dates, times and places the occurrence was reported and the names of the persons on behalf of the defendant to whom it was reported.

b. State whether the said report was in writing or verbal each time it was reported to the defendant.

**ANSWER:**

**Each of the defendants received actual or constructive notice of this accident through the FAA and NTSB's reporting of it, which occurred immediately after its occurrence.  Upon information and belief, both Cessna and Continental received notice of this accident within days of it occurring, as they were both party participants to the NTSB inspection.**

**Moreover, Letters of representation were sent to all defendants either via email or First Class mail as follows:**

22

| | |
|---|---|
| SouthTec Aviation<br>3330 Airport Loop<br>Salisbury, NC 28147 | January 29, 2021 |
| Mr. John Drenckhahn<br>Pine Mountain Aviation, LLC<br>37 Carriage House Drive<br>Danbury, CT 06810 | February 3, 2021 |
| Pine Mountain Aviation, LLC<br>37 Carriage House Drive<br>Danbury, CT 06810 | February 3, 2021 |
| Berkshire Aviation<br>70 Egremont Plain Road<br>P.O. Box 179<br>Great Barrington, MA 01230 | February 3, 2021 |
| Cessna Aircraft, Inc.<br>Textron Aviation, Inc.<br>Attn: Legal Dept.<br>One Cessna Boulevard<br>Wichita, KS 67215 | May 19, 2021 |
| Continental Aerospace, Inc.<br>f/k/a Continental Motors, Inc.<br>Legal Department<br>2039 S. Broad Street<br>Mobile, AL 36615-1293<br>Cmcustomersvc@continental.aero | May 19, 2021 |
| Hartzell Engine Technologies<br>2900 Selma Highway<br>Montgomery, AL 36108 | May 19, 2021 |
| Knipping-Diaz and Associations, Inc.<br>c/o Paul G. Roche, Esq.<br>Litchfield Cavo LLP<br>420 Lexington Ave., Suite 2104<br>New York, NY 10170<br>roche@litchfieldcavo.com | January 13, 2021 |
| Hergin Aviation, Inc.<br>c/o Fred G. Wexler, Esq.<br>Brown, Gavalas & Fromm LLP<br>505 Fifth Avenue | August 12, 2020 |

23

| New York, NY 10017 fgw@browngavalas.com | |
|---|---|

34.     If the occurrence alleged in the Complaint is claimed to have happened due to improper or inadequate supervision, then set forth in detail:

    a.  The period of time during which said supervision was improper prior to the occurrence alleged in the complaint;

    b.  The manner in which said supervision was improper and/or inadequate;

    c.  Identify the specific location within the premises at which the supervision was inadequate so as to cause the occurrence alleged in the Complaint;

    d.  The acts and/or omissions constituting the improper or inadequate supervision;

    e.  Whether the defendant was advised at any time prior to the occurrence (alleged in the Complaint) by the plaintiff or any person on behalf of or known to plaintiff that supervision was inadequate and/or improper, stating the persons on behalf of said defendant who was/were so informed, the persons so informing said defendant and the times and dates of said informing.

**ANSWER:**

    **Objection to the extent this seeks premature disclosure of expert opinion.  At this point, discovery is ongoing, and Plaintiffs are investigating the supervision by each of the defendants.**

    **Discovery is ongoing and Plaintiffs reserve the right to supplement this response.**

35.     If the occurrence alleged in the Complaint is claimed to have happened due to carelessness and/or in the maintenance of repair of the aircraft, then set forth in detail:

    a.  The manner in which such repair or maintenance was careless and/or negligent;

    b.  Identify the specific areas within the aircraft where the repair or maintenance was careless or negligent;

24

    c.   The specific carelessness or negligence in connection with the repair or maintenance which it is alleged existed;

    d.   Whether the defendant was advised any time prior to the occurrence (alleged in the Complaint) by the plaintiff or any persons on behalf of or known to, plaintiff that said repair or maintenance was careless or negligent, stating the person(s) on behalf of defendant who was/were so informed, the persons so informing defendant and the times and dates of said informing.

**ANSWER:**

    **Objection to the extent this seeks premature disclosure of expert opinion. As detailed in the complaint, the aircraft was returned to service by the maintenance defendants with defects in its fuel system, engines, and turbocharging system. These defects caused the aircraft to lose power following takeoff on the accident flight, and crash.**

    **Discovery is ongoing and Plaintiffs reserve the right to supplement this response.**


36.    If the occurrence alleged in the Complaint is claimed to have happened due to improper or unsafe weather conditions, then set forth in detail:

    a.   The manner in which said weather conditions were improper and/or unsafe;

    b.   Identify the specific location within the flight plan where the weather conditions were inadequate or unsafe;

    c.   The manner in which the defendant was negligent and/or careless with regard to the weather conditions;

**ANSWER:**

    **Objection to the extent this seeks premature disclosure of expert opinion. Given the information available at this time, Plaintiffs do not allege weather played a factor in this accident.**

    **Discovery is ongoing and Plaintiffs reserve the right to supplement this response.**

25

37.    If the Complaint alleges loss of services, society, companionship and/or consortium, set forth the nature, extend and duration thereof.

**ANSWER:**

**HANNAH BOCKER: Loss of parental guidance**

**SARAH BOCKER: Loss of parental guidance**

**BARBARA BOCKER: Loss of companionship, society, services, consortium**

**GERARD BOCKER: n/a**

38.    If the Complaint alleges loss of services, then, with regard to any spouse who is a party to this action, set forth the plaintiff's marital status now and at the time of the occurrence alleged in the Complaint.  If plaintiff was married at the time of the occurrence and/or up to the present, state the dates and places of marriage.

**ANSWER:**

**HANNAH BOCKER: n/a**

**SARAH BOCKER: n/a**

**BARBARA BOCKER: Plaintiff Barbara Bocker is widowed.  She was married to decedent on September 13, 1986 and was continuously married to decedent until his death due to the incident.**

**GERARD BOCKER: n/a**

39.    Describe in what respects the answering defendants failed to operate, maintain, service and/or repair the aircraft in a safe manner.

**ANSWER:**

26

**Objection to the extent this seeks premature disclosure of expert opinion. As detailed in the complaint, the aircraft was returned to service by the maintenance defendants with defects in its fuel system, engines, and turbocharging system. These defects caused the aircraft to lose power following takeoff on the accident flight, and crash.**

**Discovery is ongoing and Plaintiffs reserve the right to supplement this response.**

40.     Describe any alleged mechanical issue(s) which is claimed to have contributed to the occurrence.

**ANSWER:**

**Objection to the extent this seeks premature disclosure of expert opinion. As detailed in the complaint, the aircraft was returned to service by the maintenance defendants with defects in its fuel system, engines, and turbocharging system. Specifically, this can be seen due to the fact the turbocharger wastegates were in vastly different positions at the time of the crash. These defects caused the aircraft to lose power following takeoff on the accident flight, and crash.**

**Discovery is ongoing and Plaintiffs reserve the right to supplement this response.**

41.     Set forth each and every provision of the Federal Aviation Regulations which the plaintiff will allege was violated by the answering defendants, together with the nature of the alleged violation and the exact manner in which the alleged violation will be said to have caused the accident.

**ANSWER:**

27

Objection to the extent this seeks premature disclosure of expert opinion. The Berkshire defendants violated provisions of 14 C.F.R. Part 43, including Part 43 Appx. D. Discovery is ongoing and Plaintiffs reserve the right to supplement this response.

Plaintiffs' reserve the right to supplement their responses as additional information is obtained.

Dated:  November 15, 2021
        Eastchester, New York

Thomas G. Cascione (tcascione@cpglawyers.com)
Attorneys for the BOCKER Plaintiffs
274 White Plains Road, Suite 6
Eastchester, New York  10709
Tel:  (914) 961-1263

TO:

ATTORNEY FOR Knipping-Diaz
And Associates Inc.

Paul G. Roche, Esq.
Litchfield Cavo LLP
420 Lexington Avenue, Suite 2104
New York, New York  10170
Tel:  (860) 413-2800
roche@litchfieldcavo.com

ATTORNEYS FOR HerGin Aviation Inc.

Robert J. Brown, Esq.
Fred G. Wexler, Esq.
Brown Gavalas & Fromm LLP
505 Fifth Avenue, 5th Floor
New York, New York  10017
Tel:  (212) 983-8500

28

ATTORNEYS FOR Pine Mountain Aviation, LLC

Paul A. Lange, Esq.
Alison L. Squiccimarro, Esq.
Law Offices of Paul A. Lange, LLC
80 Ferry Blvd.
Stratford, CT 06615
Tel: (203) 375-7724
pal@lopal.com
als@lopal.com


ATTORNEYS FOR Continental Aerospace Technologies, Inc.
f/k/a Continental Motors, Inc.

Gary A. Gardner (GG8577)
Skinner Law Group
200 Broadhollow Road, Suite 207
Melville, NY 11747
T: (917) 538-2774
F: (917)710-7701
Gardner@skinnerlawgroup.com

ATTORNEYS FOR Hartzell Engine Technologies

Michael J. Crowley
Samantha M. Diorio
Connell Foley LLP
888 Seventh Avenue, 9th Floor
New York, NY 10106
T: 212-307-3700
mcrowley@connellfoley.com
sdiorio@connellfoley.com

ATTORNEY FOR Berkshire Aviation Enterprises, Inc.,
Berkshire Aviation Holdings, Inc. and Berkshire
Aviation Enterprises, LLC

David S. Rutherford
Rutherford & Christie, LLP
800 Third Avenue, 9th Floor
New York, NY 10022
T: 212-599-5799


ATTORNEY FOR Cessna Aircraft Company

29

d/b/a n/k/a Textron Aviation, Inc.

Michael L. Kenny Jr.
Wiggin and Dana LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
T: 212-551-2600
mkenny@wiggin.com

30

## ATTORNEY VERIFICATION

THOMAS G. CASCIONE, an attorney duly admitted to practice law in the state of New York affirms the truth of the following:

I am an attorney for the Plaintiff in the action within; I have read the foregoing BILL OF PARTICULARS and know its contents; the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The reason that this verification is not made by plaintiff and is made me is that plaintiff is not residing in the county wherein the attorneys for the plaintiff have their office.

The source of my information and the grounds of my belief as to all matters not stated upon my knowledge are from investigations made on behalf of the plaintiff.

DATED:                  EASTCHESTER, NEW YORK
                            NOVEMBER 15, 2021

/S/ Thomas G. Cascione
_____
THOMAS G. CASCIONE

31