# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HANNAH BOCKER, SARAH BOCKER and BARBARA BOCKER as Administrator of the Estate of GERARD BOCKER and BARBARA BOCKER, Individually | : : : : : | |
| Plaintiffs, | : : | C.A. NO. 21-cv-1174-MN |
| v. | : : | |
| HARTZELL ENGINE TECHNOLOGIES LLC AND CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC. | : : : : : | JURY TRIAL DEMANDED |
| Defendants. | :: | |

## PLAINTIFFS' RESPONSE TO CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND/OR STAY OF PROCEEDINGS

Dated: January 11, 2022

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Michael S. Miska (admitted *pro hac vice*)
The Wolk Law Firm
1710-12 Locust Street
Philadelphia, PA 19103
Telephone: (215) 545-4220
Fax: (215) 545-5252
mmiska@airlaw.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

I.    NATURE OF CASE AND STAGE OF PROCEEDINGS ................................................. 1

II.    ARGUMENT ................................................................................................................... 5

      A.  Legal Standard ..................................................................................................... 5

      B.  Plaintiffs Agree with Continental that this Savings Action Should be Stayed .............. 6

      C.  Under the Doctrine of *Colorado River* Abstention, Continental's Motion should be Denied ................................................................................................. 7

      D.  Plaintiffs' Amended Complaint is Appropriately Plead ................................... 8

      E.  Plaintiffs' Amended Complaint names the Appropriate Parties .................. 10

      F.  Plaintiffs' Claims for Strict Liability and Breach of Warranty are Properly Brought … 10

      G.  Leave to Amend Should be Granted if this Court is Inclined to Grant Continental's Motion ...................................................................................... 11

III.    CONCLUSION .............................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

Cases

*Adger v. Governor John Carney*,
 2021 WL 1198723 (D. Del. Mar. 30, 2021) .......................................................................... 13

*Angelastro v. Prudential–Bache Sec., Inc.*,
 764 F.2d 939 (3d Cir.1985) ..................................................................................................... 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................ 8

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................................ 8

*Bocker et. al v. Knipping-Diaz, et al.*,
 No. 53513/2019 (N.Y. Supreme Ct. Dutchess) ...................................................................... 1

*Coene v. 3M Co.*,
 2011 WL 3555788 (W.D.N.Y. Aug. 11, 2011) ..................................................................... 11

*Colorado River Water Conservation District v. United States*,
 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ........................................................ 9, 10

*Conserve v. City of Orange Twp.*,
 2021 WL 3486906 (D.N.J. Aug. 9, 2021) ............................................................................. 11

*Dole v. Arco*,
 921 F.2d 484 (3d Cir. 1990) ................................................................................................... 13

*DuRocher v. Riddell, Inc.*,
 97 F. Supp. 3d 1006 (S.D. Ind. 2015) .................................................................................... 11

*Foman v. Davis*,
 371 U.S. 178 (1962) .............................................................................................................. 13

*Ford Motor Co. v. Bandemer*,
 140 S.Ct. 916 (2020) ............................................................................................................. 10

*Gordon v. E. Goshen Twp.*,
 592 F. Supp. 2d 828 (E.D. Pa. 2009) ....................................................................................... 9

*Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*,
 2018 WL 3727369 (D.N.J. Aug. 6, 2018) ............................................................................. 11

*Hemme v. Airbus, S.A.S.*, No. 09 C,
  2010 WL 1416468 (N.D.Ill. Apr. 1, 2010) .................................................................................. 11

*Hicks v. Arthur*,
  843 F. Supp. 949 (E.D. Pa. 1994) ............................................................................................... 8

*IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*,
  438 F.3d 298 (3d Cir.2006) ........................................................................................................ 9

*In re Burlington Coat Factory Secs. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ................................................................................................... 13

*In re DeLorean Motor Co.*,
  991 F.2d 1236 (6th Cir. 1993) .................................................................................................... 7

*Ingersoll–Rand Fin. Corp. v. Callison*,
  844 F.2d 133 (3d Cir.1988) ...................................................................................................... 10

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
  20 F.3d 1250 (3d Cir.1994) ........................................................................................................ 7

*Kennedy v. Bell South Telecomm., Inc.*,
  2013 WL 5663196 (11th Cir. Oct. 18, 2013) ............................................................................ 11

*Koken v. GPC Int'l, Inc.*,
  443 F.Supp.2d 631 (D. Del. 2006) ............................................................................................ 13

*McMurray v. De Vink*,
  27 Fed.Appx. 88 (3d Cir.2002) ................................................................................................. 10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ............................................................... 9, 10

*Ryan v. Johnson*,
  115 F.3d 193 (3d Cir.1997) ........................................................................................................ 9

*Rycoline Prods., Inc. v. C & W Unlimited*,
  109 F.3d 883 (3d Cir. 1997) ..................................................................................................... 10

*Smith v. Pepco Holdings, Inc.*,
  2011 WL 2178628 (Del. Super. Ct. May 25, 2011) ................................................................... 9

*Winslow v. W.L. Gore & Assoc., Inc.*,
  2011 WL 866184 (W.D.La. Jan. 21, 2011) .............................................................................. 11

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*,
　935 F.3d 187 (3d Cir. 2019) .................................................................................................. 8

**Statutes**

1:10–cv–01968–OWN–SKO,
　2011 WL 1523477 (E.D.Cal. Apr. 20, 2011) .............................................................. 11

**Rules**

Fed. R. C. P. 12(b)(6) ................................................................................................................ 7

Fed. R. Civ. P. 8(a)(2) ............................................................................................................... 7

Fed. R.C.P. 15(a)(2) ................................................................................................................ 13

Rule 8 ...................................................................................................................................... 11

Plaintiffs Hannah Bocker, Sarah Bocker, and Barbara Bocker Individually and as Administrator of the Estate of Gerard Bocker, by and through the undersigned counsel, respectfully submit this response to Defendant Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc.'s ("Continental") Motion to Dismiss for Failure to State a Claim and/or Stay of the Proceedings. (D.I. 164).

Plaintiffs do not oppose and join in Continental's request to stay this savings action pending resolution of Continental's personal jurisdictional challenge in the related New York action (*Bocker et. al v. Knipping-Diaz, et al,* No. 53513/2019 (N.Y. Supreme Ct. Dutchess)), which is fully briefed and ready for determination. In fact, after receiving Continental's Motion seeking a stay, Plaintiffs' counsel contacted Continental to meet and confer on a stipulation to stay this matter, but Continental refused to enter into one despite seeking a stay in its motion. A stay of this action will conserve this Court's resources, and allow the New York Court the ability to hear and consider Continental's motion. It will not prejudice any party, as Hartzell Engine Technologies ("HET"), the other defendant in this matter, was also named in the New York action and has similarly moved to dismiss the New York claims on the basis of personal jurisdiction, and that motion is also briefed and ready for determination.

**I.      NATURE OF CASE AND STAGE OF PROCEEDINGS**

**Factual Background**

This matter arises from the August 17, 2019 crash of a Cessna T303 aircraft, bearing registration number N303TL, in Lagrangeville, New York, manufactured by Cessna, who is the current type certificate holder. (Amd. Compl. at ¶16). This aircraft is equipped with twin-piston turbocharged engines, manufactured by Continental Motors. (Amd. Compl. at ¶17).



*Fig. 2, Accident Aircraft, N303TL*

The aircraft was piloted by Francisco Knipping-Diaz, who sustained fatal injuries in the crash. (Amd. Compl. at ¶18). Also on board were Teofilo Antonio Diaz and Eduardo Tio as passengers, who survived the crash. (Amd. Compl. at ¶19. The accident aircraft had landed at Sky Acres Airport (44N) in Lagrangeville, New York, where it received fuel before takeoff, following a business meeting at Orange County Airport (MGJ) in Montgomery, New York. (Amd. Compl. at ¶20). After receiving fuel, the pilot started the engines of the accident aircraft, and departed Sky Acres Airport in day visual meterological conditions, with a destination of Republic Airport (KFRG) in Farmingdale, New York. (Amd. Compl. at ¶21. The pilot then departed the airport on Runway 17 at Sky Acres. (Amd. Compl. at ¶22. Shortly after takeoff the aircraft lost engine power at a low altitude, and was unable to climb. (Amd. Compl. at ¶23). The aircraft began to drift left, and the pilot attempted to straighten its course, continuing over the end of the runway and approached obstacles. (Amd. Compl. at ¶24). Ultimately the plane was unable to climb due to the power loss, rolled left and impacted the Bocker residence, trees and the ground. (Amd. Compl. at ¶25).



*Fig. 3, ADS-B Flight Path (Source: NTSB Factual Docket)*

Inside the Bocker residence was Hannah Bocker, her father Gerard Bocker, and sister Sarah Bocker. (Amd. Compl. at ¶26). The aircraft almost immediately burst into flames as did the Bocker's house. (Amd. Compl. at ¶27). In fact, Hannah and her father, Gerard Bocker, were inside, and witnessed the conflagration which ensued. (Amd. Compl. at ¶28). Sadly, Gerard Bocker was consumed by the fie and perished. (Amd. Compl. at ¶29). Hannah Bocker was severely burned all over her body due to the fire. (Amd. Compl. at ¶30). Sarah Bocker was able to jump out of a window of the house, suffering injuries and witnessing the horrors which befell her family. (Amd. Compl. at ¶31). The accident site is shown, below:



Post-crash examination confirmed the witness statements that the aircraft suffered a loss of power, resulting in its failure to climb, and inability for the pilot to maintain directional control. (Amd. Compl. at ¶51). This loss of power occurred unexpectedly, just after the aircraft took off from the airport. (Amd. Compl. at ¶52). The pilot of the aircraft, Francisco Knipping-Diaz, was not able to climb in the aircraft following this power loss. (Amd. Compl. at ¶53). As such, the pilot made a forced landing on the Bocker residence, and the aircraft and the house immediately caught fire. (Amd. Compl. at ¶54). Plaintiffs Hannah Bocker, Sarah Bocker and their father, Gerard Bocker, deceased, were inside the residence at the time. (Amd. Compl. at ¶55). Post-crash investigation of the accident aircraft confirm that it was not capable of making sufficient power to remain airborne. (Amd. Compl. at ¶56). If the fuel system of the aircraft does not provide sufficient fuel, and fuel free of contaminants, the engines are unable to make rated power. (Amd. Compl. at ¶57). Further, investigation revealed that the aircraft's turbocharger wastegates were in vastly different positions, with the left wastegate nearly closed, confirming that the engine was demanding additional boost in reaction to a malfunction of the engine. (Amd. Compl. at ¶58). In

fact, in the event of a turbocharger seizure or induction blockage, the wastegate on an engine will attempt to raise the manifold pressure, just as was found post-accident on the subject left engine. (Amd. Compl. at ¶59). If the fuel/air mixture provided to the engine is not appropriate, it will further be unable to make rated power. (Amd. Compl. at ¶60). Furthermore, the signatures in the propellers and control levers confirm that the aircraft was not making rated power on takeoff. (Amd. Compl. at ¶61). Additionally, passenger and witness statements confirm the fact the accident aircraft suffered a powerplant failure and was unable to perform as a result. (Amd. Compl. at ¶62).

## II. ARGUMENT

Plaintiffs do not oppose and join in Continental's request to stay this matter pending the resolution of the personal jurisdiction challenge it (and Hartzell Engine Technologies) raised in the New York action. Once a determination is made as to whether the parties will be litigating in New York, the parties can advise this Court and proceed accordingly.

Plaintiffs further address Continental's motion herein.

### A. Legal Standard

In deciding a Motion to Dismiss under Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.1985). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"A judge may not grant a Fed. R. C. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.

1993). At the pleading stage, Plaintiffs are merely required to set forth sufficient facts to raise a reasonable expectation that discovery will reveal evidence to support their claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The complaint must establish a *prima facie* case - not prove it. *Hicks v. Arthur,* 843 F. Supp. 949, 959 (E.D. Pa. 1994).

Under well-established precedential case law, "a motion to dismiss may be decided based only on the 'complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 197 (3d Cir. 2019). Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

As detailed herein, in the current Amended Complaint, Plaintiffs separated the counts against HET and Continental, in response to HET's argument that the Complaint was a shotgun pleading, and subsequently HET answered. As that amendment cured the issue, should this Court believe that the Amended Complaint still constitutes a shotgun pleading as to Continental, leave to amend should be granted as it proved fruitful as to HET.

        **B.**      **Plaintiffs Agree with Continental that this Savings Action Should be Stayed**

A stay of this action is appropriate to avoid wasteful duplication of resources and to avoid inconsistent rulings. When two actions are filed in separate jurisdictions involving the same parties and the same issues, the Court may exercise its discretion and stay the current action pending the outcome of the other action. The grant of a stay is appropriate when the other court is capable of providing prompt and complete justice. A stay will prevent wasteful duplication of resources and

expense, as well as the possibility of conflicting and inconsistent rulings. *Smith v. Pepco Holdings, Inc.*, No. CIV.A.N09C-02-099CLS, 2011 WL 2178628, at *2 (Del. Super. Ct. May 25, 2011).

In the event Continental is not successful in its motion to dismiss in New York, that Court is capable of hearing the controversy, particularly because of the number of parties in the two suits pending there. It is in the interest of judicial economy to stay this matter pending those motions disposition.

      **C.**    **Under the Doctrine of *Colorado River* Abstention, Continental's Motion should be Denied**

In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court held that "exceptional" circumstances may "permit[ ] the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration...." *Gordon v. E. Goshen Twp.*, 592 F. Supp. 2d 828, 842–43 (E.D. Pa. 2009). *Colorado River* remains a narrow exception to federal district courts' "virtually unflagging obligation ... to exercise the jurisdiction given them." *Id.* (citing *Colorado River*, 424 U.S. at 817; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 18, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (requiring "exceptional circumstances" to justify the district court's stay); *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC,* 438 F.3d 298, 305 (3d Cir.2006) ("Federal district courts may abstain from hearing cases and controversies only under 'exceptional circumstances where the order to the parties to repair to state court would clearly serve an important countervailing interest.'") (citing *Colorado River,* 424 U.S. at 813, 96 S.Ct. 1236); *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir.1997) ("[I]n *Colorado River,* the Supreme Court recognized that there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings....."). A district court may only exercise its discretion and dismiss an action in favor of concurrent state proceedings under the limited conditions

7

prescribed by the Supreme Court in *Colorado River* and *Moses Cone. Ingersoll–Rand Fin. Corp. v. Callison,* 844 F.2d 133, 136 (3d Cir.1988). The standard established by the Supreme Court is referred to as the "exceptional circumstances test." These factors are:

> (1) the assumption of jurisdiction by either court over property; (2) the inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) the forum with the substantive law that governs the merits of the litigation; and (6) the adequacy of the state forum to protect the parties' rights. *McMurray v. De Vink,* 27 Fed.Appx. 88, 91 (3d Cir.2002) (non-precedential); *Rycoline Prods., Inc. v. C & W Unlimited,* 109 F.3d 883, 890 (3d Cir. 1997).

*Id.* Ultimately, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* (citing *Moses Cone,* 460 U.S. at 16).

In this matter, jurisdiction has been contested by Continental (and HET) in New York. While Plaintiffs oppose those motions, particularly in light of the wake of the Supreme Court's recent decision on personal jurisdiction *Ford Motor Co. v. Bandemer*, 140 S.Ct. 916 (2020). There is no exceptional circumstances supporting dismissal of this matter, particularly at this procedural standpoint, and given the request for a stay by Continental. If Continental's challenge in New York is unsuccessful, the parties will litigate there, particularly given the presence of other tortfeasors in that litigation, as Continental details at length in its motion. However at this point, abstention is inappropriate and Continental has not shown a sufficient basis for the exercise of this doctrine.

      **D.**      <u>**Plaintiff's Amended Complaint is Appropriately Plead**</u>

In the context of products liability, federal courts have recognized that the pleading requirement in products liability cases is minimal. *Coene v. 3M Co.,* No. 10–cv–6546–CJS, 2011

8

WL 3555788, at *3 (W.D.N.Y. Aug. 11, 2011); *Coleman v. Boston Scientific Corp.,* No. 1:10–cv–01968–OWN–SKO, 2011 WL 1523477, at *2–5 (E.D.Cal. Apr. 20, 2011); *Winslow v. W.L. Gore & Assoc., Inc.,* No. Civ. A 10–116, 2011 WL 866184, at *2 (W.D.La. Jan. 21, 2011); *Hemme v. Airbus, S.A.S.,* No. 09 C 7239, 2010 WL 1416468, at *3 (N.D.Ill. Apr. 1, 2010); *DuRocher v. Riddell, Inc.*, 97 F. Supp. 3d 1006, 1019–20 (S.D. Ind. 2015). The *DuRocher* court recognized:

> this is a products liability case where almost all of the evidence is in the possession of defendant or other entities. Proof will necessarily be technical in nature and it is likely impossible for plaintiff to state more specific allegations regarding defects in manufacture and design without first having the benefit of discovery and of expert analysis, neither of which is required in order to file suit.

97 F. Supp. 3d at 1019-20.

A complaint is a "shotgun pleading," if it asserts multiple claims for relief in single counts, making it difficult "to know which allegations of fact are intended to support which claim(s) for relief." *Conserve v. City of Orange Twp.*, No. CV 21-872 (SDW)(ESK), 2021 WL 3486906, at *1 (D.N.J. Aug. 9, 2021) (citing *Kennedy v. Bell South Telecomm., Inc.*, Civ No. 12-15869, 2013 WL 5663196, at *2 (11th Cir. Oct. 18, 2013) (internal citation omitted); *see also Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*, Civ. No. 17-11727, 2018 WL 3727369, at *3 (D.N.J. Aug. 6, 2018) (noting that "shotgun pleadings" violate Rule 8)).

There is no doubt, even on the face of Plaintiffs' Amended Complaint, that Continental is the entity who is the type certificate holder and responsible for the airworthiness of the engines. (See Amend. Compl. at ¶95). Continental has a duty to ensure the safety and airworthiness of the engines, which was breached when they failed just after takeoff, as confirmed by the parties investigation and plead in Plaintiffs' Amended Complaint. This is a complex products case, involving a power loss on takeoff, where the parties do not have the benefit of hearing the pilot's statement, as he perished in the crash. (Amend. Compl. at ¶18). The investigation is ongoing, however there is ample notice to Continental about the nature of the power loss, the condition of

9

the turbochargers and the cause of this accident. Moreover, it is abundantly clear how this engine power loss caused Plaintiffs' damages and injuries herein. Continental's motion should be denied.

E. **Plaintiffs' Amended Complaint names the Appropriate Parties**

The Plaintiffs in this suit include the Estate of Gerard Bocker, who perished in the conflagration after the aircraft impacted his house. His widow, Barbara Bocker, has been appointed as the personal representative of his Estate and brought claims both on his behalf, and Individually as she lost the value of her house and the contents within it. Both Hannah and Sarah Bocker were injured in the crash, and have their own independent claims for their injuries.

Continental complains that Plaintiffs' claims in their Amended Complaint contains improper claims for individuals under wrongful death and survival. Plaintiffs included the names of each of the beneficiaries in an abundance of caution to ensure that Continental had adequate notice of the potential claimants. Without a determination of choice of law on damages, it is premature to dismiss claims by these individuals.

F. **Plaintiffs' Claims for Strict Liability and Breach of Warranty are Properly Brought**

There have been no determinations on choice of law in this matter. Continental's motion prematurely assumes that Delaware law will govern Plaintiffs' claims, however this issue is not ripe. Moreover, given the fact that this was a New York crash injuring New York residents involving an engine manufacturer and rebuilder outside of the State of Delaware, it is premature to apply Delaware substantive law and dismiss claims for strict liability and breach of warranty.

G. **Leave to Amend Should be Granted if this Court is Inclined Grant Continental's Motion**

Alternatively, if the Court is not inclined to deny Continental's Motion, Plaintiff requests leave to amend under Fed. R.C.P. 15(a)(2).

> Federal Rule of Civil Procedure 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco,* 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman,* 371 U.S. at 182; *In re Burlington,* 114 F.3d at 1434. An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.,* 443 F.Supp.2d 631, 634 (D. Del. 2006).

*Adger v. Governor John Carney*, No. CV 18-2048-LPS, 2021 WL 1198723, at *3 (D. Del. Mar. 30, 2021). There is no evidence of undue delay, bad faith or dilatory motives here, and therefore, the Court should grant leave to amend in the event the Court finds the Amended Complaint is deficient as to Continental.

### III.   CONCLUSION

As an initial matter, there is no dispute that this case should be stayed pending the determination of the New York court on Continental's personal jurisdiction challenge. Further, Plaintiffs' Amended Complaint against Continental are specifically enumerated, and fully satisfy the federal pleading requirements. Therefore, Defendant Continental's Motion to Dismiss should be denied.

| | |
|---|---|
| Dated: January 11, 2022 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Michael J. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Michael S. Miska (admitted *pro hac vice*)<br>The Wolk Law Firm<br>1710-12 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 545-4220<br>Fax: (215) 545-5252<br>mmiska@airlaw.com<br><br>*Attorneys for Plaintiffs* |