# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANNA BOCKER, SARAH BOCKER and BARBARA BOCKER as Administrator of the Estate of GERARD BOCKER and BARBARA BOCKER, Individually<br><br>Plaintiff,<br><br>v.<br><br>HARTZELL ENGINE TECHNOLOGIES, CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC.<br><br>Defendants. | C.A. No. 1:21-cv-01174- MN |

**CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC.'S REPLY IN FURTHER SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND/OR FOR A STAY OF PROCEEDINGS**

Respectfully submitted,

WILKS LAW, LLC

*/s/ Andrea S. Brooks*
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Facsimile: (302) 225-0851
abrooks@wlblaw.com

Laurie A. Salita
SKINNER LAW GROUP
101 Lindenwood Dr., Suite 225
Malvern, PA 19355
(484) 875-3159
salita@skinnerlawgroup.com
(Admitted pro hac vice)

*Attorneys for Defendant Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc.*

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1

II.  12(B)(6) SHOULD BE DECIDED BEFORE STAYING THIS ACTION. ....................... 1

III. CONTINENTAL'S MOTION TO DISMISS SHOULD BE GRANTED. ........................ 2

    a.   Plaintiffs' claims against Continental fail to comply with Fed. R. Civ. P. 8(a). ................ 2

    b.   Having invoked Delaware law, Plaintiffs' claims should be narrowed according
        therewith. ........................................................................................................................ 5

IV.  CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Adderly v. Stofko*, 646 Fed. Appx. 138 (3d Cir. 2016) ................................................................. 2

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) ............................................ 4

*CareDX, Inc. v. Natera, Inc.*, No. 19-cv-0567-CFC-CJB,

   2021 U.S. Dist. LEXIS 185318 (D. Del. Sept. 28, 2021) ........................................................... 1

*Coene v. 3M Co.*, No. 10-cv-6546-CJS,

   2011 U.S. Dist. LEXIS 89445 (W.D.N.Y. Aug. 11, 2011) ......................................................... 3

*Coleman v. Boston Scientific Corp.*, No. 10-cv-01968-OWN-SKO,

   2011 U.S. Dist. LEXIS 42826 (E.D. Cal. Apr. 20, 2011) ............................................................ 3

*DuRocher v. Riddell, Inc.*, 97 F. Supp. 3d 1006 (S.D. Ind. 2015) .................................................. 3

*Hammond v. Bayer Healthcare Pharms., Inc.*, C.A. Nos. N11C-06-046 through N11C-06-051,

   2011 Del. Super. LEXIS 4535, at (Del. Super. Dec. 30, 2011) .................................................. 5

*Hemme v. Airbus, S.A.S.*, No. 09-cv-7239,

   2010 U.S. Dist. LEXIS 31920 (N.D. Ill. Apr. 1, 2010) ............................................................... 3

*Hicks v. Boeing Co.*, No. 13-393-SLR-SRF,

   2014 U.S. Dist. LEXIS 37326 (D. Del. Mar. 21, 2014) .............................................................. 3

*Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026 (3d Cir. 1988) ......................................... 4

*Quinn v. AVCO Corp.*, No. 15-cv-1005-RGA,

   2017 U.S. Dist. LEXIS 229941 (D. Del. May 19, 2017) ............................................................ 2

*Winslow v. W.L. Gore & Assoc., Inc.*, No. 10-cv-116,

   2011 U.S. Dist. LEXIS 25520 (W.D. La. Jan. 21, 2011) ............................................................ 3

**Rules**

Federal Rule of Civil Procedure, Rule 1 ....................................................................................... 1

Federal Rule of Civil Procedure, Rule 8(a) ................................................................................... 2

**State Statutes**

10 *Del. C.* § 3724(e)..................................................................................................................... 5

10 *Del. C.* § 3704……………………………………………………………………………..5

I. **INTRODUCTION**

Plaintiffs could have requested a stay of this savings action before requiring defendants to respond to their Complaint (and now Amended Complaint), but they did not. Moreover, in their answering brief, Plaintiffs do not articulate any compelling reason militating against consideration of Continental's Motion to Dismiss. Continental therefore respectfully submits that this Court should consider its Motion to Dismiss under Rule 12(b)(6) prior to entering a stay or abstaining from entertaining further proceedings in this action.

Plaintiffs could have restated and narrowed their claims against Continental (as they restated their claims against Defendant Hartzell) when they filed their Amended Complaint, but they did not. Nothing in Plaintiffs' answering brief rectifies the fatal deficiencies in Plaintiffs' vague, overbroad, shotgun-style claims, some of which are improperly stated under Delaware law. For the reasons stated herein and in its principal brief in support of its Motion to Dismiss and/or Stay, Continental respectfully requests that the Court dismiss Plaintiffs' Amended Complaint and stay or abstain from hearing this case thereafter.

II. **12(B)(6) SHOULD BE DECIDED BEFORE STAYING THIS ACTION.**

The Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also CareDX, Inc. v. Natera, Inc.*, No. 19-cv-0567-CFC-CJB, 2021 U.S. Dist. LEXIS 185318, at *14 (D. Del. Sept. 28, 2021) (consideration of early dispositive motions accords with the court's Rule 1 obligations to facilitate the "just, speedy and inexpensive determination of every action and proceeding").

Plaintiffs and Continental agree that this case should not proceed on the merits at this time. However, unlike in prior aviation products liability cases filed against this defendant, for example

the *Quinn* case in which Plaintiffs initiated a savings action and promptly requested a stay, here Plaintiffs have required both Defendants to respond to their initial pleading.[1] *See Quinn v. AVCO Corp.*, No. 15-cv-1005-RGA, 2017 U.S. Dist. LEXIS 229941 (D. Del. May 19, 2017), as discussed in Continental's principal brief.  Plaintiffs have not articulated any reason for which this Court should decline to address Continental's Rule 12(b)(6) Motion prior to entering a stay.  Continental respectfully submits, based upon the arguments set forth in its principal brief and below, that efficiency and justice warrant dismissal of Plaintiffs' Amended Complaint or – at a minimum – require Plaintiffs to restate their claims against Continental succinctly and plainly to clearly set forth the elements of their claims, name only proper plaintiffs, and advance only those claims available under applicable law.  Continental therefore respectfully requests that the Court entertain its Rule 12(b)(6) Motion at this time.

### III. **CONTINENTAL'S MOTION TO DISMISS SHOULD BE GRANTED.**

#### a. **Plaintiffs' claims against Continental fail to comply with Fed. R. Civ. P. 8(a).**

Plaintiffs' statement of their claims against Continental is neither short nor plain and therefore fails to meet even the liberal pleading standard established by the Federal Rules and controlling precedent decided thereunder.  *See* Fed. R. Civ. P. 8(a); *Adderly v. Stofko*, 646 Fed. Appx. 138, 141 (3d Cir. 2016).  Plaintiffs argue that the pleading requirement in products liability cases is "minimal."  *See* D.I. 17, at 8.  But the cases to which Plaintiffs cite – all district court cases from foreign jurisdictions – merely support the incontrovertible notion that a products liability plaintiff need not specify proprietary product identification details, such as model numbers, where

---

[1] Plaintiffs initiated this action on August 12, 2021 [D.I. 1] and served both Defendants on November 10, 2021 [D.I. 4].  Defendant Hartzell Engine Technologies, LLC ("Hartzell") filed a Motion to Dismiss or for a More Definite Statement on November 30, 2011 [D.I. 6, 7], to which Plaintiffs responded by filing their Amended Complaint on December 14, 2021 [D.I. 9].

such information is in the sole possession of the manufacturer defendant. *See Coene v. 3M Co.*, No. 10-cv-6546-CJS, 2011 U.S. Dist. LEXIS 89445, at *7 (W.D.N.Y. Aug. 11, 2011) (silicosis case in which the court accepted plaintiff's identification of "powder coating" manufactured by defendants as sufficient, where defendants "ought to know whether they sold 'powder coating' material containing silica" during the relevant timeframe); *Coleman v. Boston Scientific Corp.*, No. 10-cv-01968-OWN-SKO, 2011 U.S. Dist. LEXIS 42826, at *9 (E.D. Cal. Apr. 20, 2011) (federal pleading rules do not require plaintiff to identify allegedly defective medical mesh by specific product line or model number); *Winslow v. W.L. Gore & Assoc., Inc.*, No. 10-cv-116, 2011 U.S. Dist. LEXIS 25520, at *6-7 (W.D. La. Jan. 21, 2011) (medical mesh case holding that plaintiff stated a claim under Louisiana Products Liability Act against defendant manufacturer of medical mesh, where plaintiff clearly and succinctly identified product (mesh) and alleged defect therein (deterioration of the mesh device)); *Hemme v. Airbus, S.A.S.*, No. 09-cv-7239, 2010 U.S. Dist. LEXIS 31920, at *11-12 (N.D. Ill. Apr. 1, 2010) (Air France Flight 447 case with multiple aviation component manufacturer defendants, finding sufficient product identification and causation against defendant DuPont where plaintiffs alleged that defendant's defective wiring was subject to arcing and chafing that caused inaccurate information to be relayed to the aircraft's flight control computers, which in turn relied on that erroneous information to command improper flight movements, causing the plane to crash); *DuRocher v. Riddell, Inc.*, 97 F. Supp. 3d 1006, 1019 (S.D. Ind. 2015) (helmet case citing to this Court's decision in *Hicks v. Boeing Co.*, No. 13-393-SLR-SRF, 2014 U.S. Dist. LEXIS 37326 (D. Del. Mar. 21, 2014), in which this Court held that the federal pleading rules "do not necessarily require the specific model at issue", as hermeneutical on product identification in products liability actions). Not one of these cases fits here, where Plaintiffs have identified the two complete Continental engines (assembled from hundreds of parts

and components) on the accident engine without claiming which engine or engine component is allegedly to blame for the accident and without setting forth entire elements of their claims against Continental, such as defect and causation.

While a products liability plaintiff need only provide "minimal" identifying details about product identification – so long as the identification sufficiently notifies the defendant of the product at issue – the pleading standard is not so bare as to allow plaintiffs to elide entire elements of claims or include allegations so confusing or vague that the defendant has no way of knowing what products or theories of causation may eventually be tried. *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017); *citing Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988).

For example, in their answering brief, Plaintiffs state that "there is no doubt based upon the face of the Amended Complaint, that Continental is the type certificate holder for the engines." *See* D.I. 17 at 9; D.I. 9 at ¶95. This may be true. But Plaintiffs go on to insist that both engines failed after takeoff "as confirmed by the parties [sic] investigation and plead [sic] in Plaintiffs' Amended Complaint" and that "there is ample notice to Continental about the nature of the power loss, the condition of the turbochargers and the cause of this accident." *See* Ans. Br. at 9-10. This is not true. To the contrary, there is no allegation in the Amended Complaint that both engines failed after takeoff. Rather, the Amended Complaint states that the turbocharger on the *left* engine malfunctioned, *see* D.I. 9 at ¶¶58-59, and that "[t]he turbochargers and associated components... are the responsibility of the defendant Hartzell." *Id*. at ¶37.

Similarly, the Amended Complaint includes various allegations describing an apparent design defect regarding the Cessna T303 Crusader's ability to maintain positive climb rate upon power loss, presumably due to the Crusader's alleged difficult handling conditions, inadequate

4

rudder trim, negative or low climb rate, and long accelerate/stop distance. *See id.* at ¶¶43-47, 63. None of these specifically described defects is alleged to be the responsibility of either defendant, and yet the Amended Complaint does not include *any* alleged defect – much less specifically described – in any product that Plaintiffs contend is the responsibility of Continental.

As explained in full detail in Continental's principal brief in support of its Motion to Dismiss or Stay, there is nothing in the Amended Complaint that apprises Continental about any defect in any Continental product or how such defect caused the accident. The Amended Complaint fails to meet the pleading standard set forth in the Federal Rules and associated precedent and must be dismissed for failure to state a claim.

### b. **Having invoked Delaware law, Plaintiffs' claims should be narrowed according therewith.**

Plaintiffs maintain that narrowing their claims to name the correct plaintiffs and exclude causes of action not recognized under Delaware law would require this Court to engage in a premature choice of law analysis. *See* D.I. 17 at 10. But Plaintiffs have invoked Delaware's Wrongful Death and Survival Statutes, attempting to assert collective claims thereunder even though such claims are statutorily limited to a single plaintiff. *See* 10 *Del. C*. § 3724(e) (wrongful death claims may be brought by estate administrator or beneficiaries, but not both); 10 *Del. C.* § 3704 (actions under survival statute may only be brought in name of estate administrator or executor). No choice of law analysis is needed to conclude that Plaintiffs' claims under the Delaware Wrongful Death and Survival Statutes are improperly pleaded and must be dismissed.

Having invoked Delaware law, Plaintiffs' remaining claims should be analyzed and narrowed thereunder. *See*, *e.g.*, *Hammond v. Bayer Healthcare Pharms., Inc.*, C.A. Nos. N11C-06-046 through N11C-06-051, 2011 Del. Super. LEXIS 4535 (Del. Super. Dec. 30, 2011) (dismissing strict products liability claims in accordance with Delaware law where foreign

5

plaintiffs who were injured in foreign jurisdictions filed suit in Delaware court and invoked Delaware Wrongful Death and Survival Statutes). For the reasons explained more fully in Continental's principal brief, Plaintiffs' claims for strict liability and breach of warranty should be dismissed.

## IV. <u>CONCLUSION</u>

For the reasons set forth herein and in its principal brief in support of its Motion to Dismiss and/or Stay, Defendant Continental Aerospace Technologies, Inc. respectfully requests that this Court grant its Motion to Dismiss before granting any additional relief including a stay of this action.

Respectfully submitted,

WILKS LAW, LLC

<u>/s/ Andrea S. Brooks</u>
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Facsimile: (302) 225-0851
abrooks@wlblaw.com

Laurie A. Salita
SKINNER LAW GROUP
101 Lindenwood Dr., Suite 225
Malvern, PA 19355
Telephone: (484) 875-3159
salita@skinnerlawgroup.com
(admitted *pro hac vice*)

Dated: January 18, 2022

*Attorneys for Defendant Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc.*

## CERTIFICATION OF SERVICE

     I, Andrea Brooks, hereby certify that the foregoing brief and accompanying motion, filed simultaneously herewith, have been electronically served, on this date, upon all counsel of record via this Court's electronic filing (ECF) system and upon identified, unrepresented parties, if any, via first class mail.

                                                                */s/ Andrea S. Brooks*