# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANNAH BOCKER, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 21- cv-01174-MN |
| HARTZELL ENGINE TECHNOLOGIES LLC, *et al.*, | ) |
| Defendants. | ) |

## **PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third party may designate as "Confidential" and subject to this Order any information, document, thing, or portion of any document or thing ("Material"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Del. R. Civ. P. 26(c)(1) and/or Fed. R. Civ. P. 26(c)(1)(G). Any party to this litigation or third party covered by this Order who produces or discloses any Confidential Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER."

2. Confidential Material subject to this Order may be used for purposes of this litigation only, and shall not be disclosed by the receiving party to anyone other than those listed in Paragraph 3 ("approved person(s)") except by prior written agreement of the parties or by order of the court.

3. Confidential Material and the contents thereof may only be disclosed to the following individuals under the following conditions:

    a. Outside counsel (defined herein as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties);
    b. Outside experts or consultants retained by outside counsel for purposes of this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;
d. The court and court personnel;
e. Any deponent may be shown or examined on any Confidential Material;
f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including but not limited to court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such Material; and
g. The parties. In the case of parties that are corporations or other business entities, "party" means individuals (including but not limited to executives, in-house counsel, representatives, employees and insurers) who are required to participate in decisions with reference to this litigation.

4. Confidential Material, copies thereof, and information contained therein may only be used by individuals listed in Paragraph 4, and shall not be disclosed in any manner to any other individual unless and until (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the court orders such disclosure.

5. Where a deposition involves the disclosure of a party's Confidential Material, that party may, within thirty (30) days following receipt of the deposition transcript, inform all other parties that portions of the transcript are to be designated Confidential. This 30 day period may be extended by agreement of the parties. During this period, the deposition transcript shall not be disclosed to anyone other than the deponent and individuals listed in Sections 3(a), (b), (c), (d) and (f) above, and no individual attending the deposition shall disclose the contents thereof to anyone other than individuals listed in Sections 3(a), (b), (c), (d) and (f) above. Upon being informed that portions of a deposition are to be designated Confidential, all parties shall immediately and appropriately mark each copy of the transcript in its custody or control, and shall limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

6. If counsel for a party receiving Material designated as Confidential objects to that designation in whole or in part:
(a) Counsel for the objecting party shall serve on the designating party or third party a written objection describing with particularity the Material in question and stating the grounds for objection within a reasonable time and no later than 30 days prior to the deadline for dispositive and Daubert motions as set by the scheduling order. Counsel for the designating party or third party shall respond to the objection in writing within 14 days and shall state with particularity the grounds for asserting that the Material is properly designated. If no timely written response is made to the objection, the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith in an effort to resolve the dispute.
(b) If a dispute as to a Confidential designation cannot be resolved by agreement, the party objecting to the challenged designation shall present the dispute to the court consistent with the court's Discovery Dispute order and the court's Scheduling Order. The information or documents at issue shall be treated as confidential and proprietary until the Court resolves the matter.

7. Any party wishing to disclose Confidential Material during trial or at any hearing in this litigation may do so only as directed by the court after giving notice to the producing party.

8. Before disclosing Confidential Material to any approved person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least 14 days notice in writing to the designating party, stating the names and addresses of the person(s) whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14 day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise. For purposes of this Protective Order, "competitor" is defined as any person or entity other than a designating party that designs, manufactures, assembles, or supplies products to or for the market(s) served by the designating party ("competitive product") or components of competitive products. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to authorize any party to disclose Material subject to this Order to a competitor of any designating party that does not fall within the definition of approved persons in paragraph 3 above.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, either as to the specific Material disclosed or to other Material concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the Material that the Material should have been designated Confidential. Such notice shall constitute a designation of the Material as Confidential under this Order.

10. When the inadvertent or mistaken disclosure of Confidential Material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall treat such Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11. The following information shall not be deemed or considered Confidential Material under this Order: (a) information in the public domain; (b) information that is or becomes available to a party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

12. This Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any party to move the court for modification of or relief from any of its terms.

13. This Order does not preclude any party from filing any Confidential Material under seal, pursuant to Section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means.

14. This Order survives the termination of this litigation and remains in full force and effect unless modified by order of the court or by written stipulation of the parties filed with the court.

15. Other Proceedings. By entering this Order and limiting the disclosure of information in this litigation, this court does not intend to preclude another court from finding such information relevant and subject to disclosure in another case. Any person or party subject to this Order who in another proceeding becomes subject to a subpoena or motion to disclose another party's information designated Confidential pursuant to this Order shall: (1) refuse to produce such Materials unless ordered to do so by a court; and (2) promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

16. Absent written agreement by the disclosing party, a court's re-designation of Confidential Materials as not privileged or protected, or the circumstances contemplated in paragraph 11 herein, a receiving party may not use Materials subject to this Order in any other matter (including depositions or trial) or for any other purpose.

17. Upon final conclusion of all litigation involving the undersigned parties arising from this accident, each party or other individual subject to this Order shall assemble and return all original and all copies of Confidential Material to the originating source, or shall destroy all copies of Confidential Material and confirm in writing the destruction of the Confidential Material; provided, however, that counsel may retain copies that contain attorney work-product, attorney work-product discussing or describing Confidential Material, complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order. Destruction of materials contemplated by this paragraph shall include the deletion thereof from all document management systems, databases, e-rooms and any other document storage software or source. However, the parties agree that providing documents via email or other electronic means may result in copies being created by automated or semi-automated backup processes that create archival copies, which are not generally accessible and are subject to destruction on a set schedule; and the parties agree that the obligation to destroy Confidential Materials herein does not require modification of such archival copies or their existing destruction schedules. To the extent a party requests the return of Confidential Material from the court following final conclusion of this litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief. If Confidential Materials are produced in companion litigation, they shall be destroyed in accordance with this paragraph upon conclusion of that litigation.

Signatures may appear on subsequent pages and duplicates of this document carry the same force and effect as the original.

AGREED on this _____ day of March 2022:

/s/ Andrea S. Brooks
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
302-225-0850

Laurie A. Salita
SKINNER LAW GROUP
101 Lindenwood Dr., Suite 225
Malvern, PA 19355
484-875-3159

*Attorneys for Defendant Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc.*

/s/ Krista M. Reale
Margolis Edelstein
Krista M. Reale (DE Bar No. 4748)
300 Delaware Ave. Ste. 800
Wilmington, DE 19801
302-404-4785
302-888-1119

Linda J. Schneider
Tressler LLP
233 S. Wacker Dr.,
61st Fl
Chicago, IL 60606
312-627-4202

*Attorneys for Hartzell Engine Technologies LLC*

/s/ Michael J. Farnan
Michael J. Farnan (DE Bar No. 5165)
Farnan LLP
919 N. Market St., 12 Fl.
Wilmington, DE 19801
302-777-0300

Michael S. Miksa. Esq.
The Wolk Law Firm
1710-12 Locust St.
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

SO ORDERED: _____
                The Honorable Maryellen Noreika
                United States District Judge

5