

ANDREA S. BROOKS
Direct Phone: 302.225.0861
Email: abrooks@wilks.law

March 14, 2022

**VIA E-FILING**
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801-3555

    Re: ***BOCKER ET AL., v. HARTZELL et al.***, C.A. No. 21-cv-1174-**DEFENDANT CONTINENTAL'S MOTION FOR PROTECTIVE ORDER**

To the Honorable Judge Christopher J. Burke:

    The above-captioned litigation arises from an August 17, 2019 aircraft accident resulting from the crash landing of a Cessna T303 into the Bocker family residence after an alleged simultaneous double-engine power loss in New York. Plaintiffs claim that Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc. ("Continental") supplied both engines. Multiple lawsuits were filed in connection with this accident; Continental is named as a defendant in a state court action in New York and in this case.

    Plaintiffs scheduled a wreckage inspection, to include both engines, on March 23-24, 2022. The protocol is attached here as Exhibit "A." This inspection, originally unilaterally set by Plaintiffs for dates in January, was postponed because several parties had scheduling conflicts. Along with other involved parties, Continental offered March 21-24, 2022 as alternative dates but specifically advised: "*. . . [B]y offering that Continental is currently free on March 21-24 dates, we do not necessarily consent to proceeding on those dates and/or waive any rights to object if discovery is stayed in both cases at that time.*" *See* full correspondence, Exhibit "B."

    During the week of February 28, 2022, Continental sought Plaintiffs' cooperation for a brief adjournment of the March 23-24 inspection, and in the process, notified all other parties. Exhibit "C." Plaintiffs would not agree. Continental urged the other parties and persons potentially in custody of the wreckage to reschedule the inspection. In response, Plaintiffs effectively told everyone to ignore Continental's postponement request.[1] Exhibit "D." Continental moves the Court for a Protective Order.

    Importantly, **all discovery is stayed** pursuant to CPLR 3214(b) in Plaintiffs' New York case against Continental and seven other defendants until the court resolves motions pending before it. *See* Dutchess County, New York (Case No. 2021-53475). Continental's motion to dismiss for lack of personal jurisdiction has been pending there since late November 2021.

---

[1] Although Plaintiffs will blame Continental for interfering with travel arrangements that parties may have made in advance of the March 23-24, 2022 dates, in fact, Plaintiffs' insistence that they will proceed with the inspection over Continental's objection unless this Court orders otherwise has left all involved parties in a state of limbo. Continental's objection has been well known to all involved parties and was not "sprung upon" anyone.

Several defendants filed similar motions.  No scheduling order has been entered, and no trial date has been set.

In the case pending before this Court, Continental moved to dismiss Plaintiffs' Complaint because, *inter alia*, the Complaint fails to allege facts sufficient to give Continental fair notice of the claims against it or the grounds upon which each claim rests.  Indeed, Plaintiffs have not identified a specific defect in a Continental product and/or activity that proximately caused Plaintiffs' injuries.  *See* D.I. 9.  Plaintiffs argued in opposition to Continental's motion on one hand that "[t]his is a complex products case," and on the other hand that, "it is abundantly clear how this engine power loss caused Plaintiffs' damages and injuries . . ." without ever identifying a Continental component in either engine (right or left) or how it caused the accident. D.I. 17, p. 9-10.  But, it is not "abundantly clear" how (as claimed) *both* engines on the aircraft *simultaneously* lost power – indeed fuel contamination, pilot error, a defect in an airframe (not engine) component or bad maintenance are among the potential causes, and they have nothing to do with Continental.  If Plaintiffs wish to blame Continental and cause multiple parties to inspect its engines, they must plead something more specific than "engine power loss."  Indeed, Plaintiffs have the burden not only to plead facts sufficient to put Continental on notice of the claims against it, but also to prove the essential elements of negligence and/or causation.

Continental cannot assume this burden and should not be required to participate in a costly and time-consuming inspection of both engines until Plaintiffs have identified the precise Continental component(s) that they believe caused the accident. Plaintiffs' compliance with *Twombly* and its progeny should provide Continental with information it is entitled to have before selecting which expert or experts will attend the inspection.  Otherwise, Continental will be forced to – perhaps unnecessarily – send multiple experts to cover a variety of different possibilities thereby increasing the expense of such an inspection.

As it stands, the only specific components that Plaintiffs have identified are turbochargers and related accessories for which Continental is not responsible.  Therefore, postponement of the March 23-24 inspection is warranted while Continental's Motion to Dismiss, D.I. 9, remains pending.  A protective order is proper for the additional reason that discovery against Continental, among others, is stayed in the Dutchess County, New York case referenced above.

Finally, with respect to other known cases that Plaintiffs filed elsewhere, Continental is unaware of deadlines that would be negatively impacted by an adjournment of the March 23-24 inspection until the procedural matters referenced above have been resolved:

- The docket for Sarah Bocker's Dutchess County, New York (Case No. 2019-53563) that she filed on September 4, 2019 contains no scheduling order, and Continental is unaware of any set trial date.
- Although a scheduling order has been entered in Hannah Bocker's Dutchess County, New York Case (No. 2019-53513) that she filed on August 29, 2019, no trial date has been set. *See* Exhibit "E."  Moreover, Plaintiffs' counsel has notified the court (twice) that Plaintiffs expect to file a motion to consolidate this case with Case No. 2021-53475 which, as noted above, is not subject to a scheduling order or any set deadlines.

In sum, the automatic CPLR 3214(b) stay of discovery in New York should not be ignored while that court resolves issues of personal jurisdiction, particularly in the absence of a well-pled Complaint against Continental in this Delaware litigation.  Continental, therefore, respectfully requests that the Court enter a protective order preventing Plaintiffs from proceeding with the March 23-24 inspection.  I aver that a reasonable effort was made to reach an agreement with the opposing party before seeing relief from the Court pursuant to Rule 7.1.1.

Very truly yours,

*/s/ Andrea S. Brooks*

Andrea S. Brooks
(DE Bar #5064)

ASB/nea

