

March 17, 2022

**<u>Via E-Filing</u>**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

      **Re:** *Bocker, et al. v. Hartzell Engine Technologies LLC, et al.*
           <u>C.A. No. 21-cv-1174-MN-CJB</u>

Dear Judge Burke:

      This is Plaintiffs' response to the March 14, 2022 letter submitted by Continental Motors, Inc. ("Continental"). This inspection has already been re-scheduled from its previously scheduled date at the request of Continental, the inspection has required planning and the cooperation of numerous parties across several actions, and Continental's only objective is to delay the inspection so it may gain what it believes is some favorable traction with its various motions to dismiss across multiple jurisdictions.

      For starters, on February 18, 2022, Continental asked Judge Noreika not to enter a scheduling order and to stay the case pending a decision on its motion to dismiss. (D.I. 22). Judge Noreika rejected Continental's request and entered the Scheduling Order. (D.I. 24). Nothing has changed since Continental's first request to stay discovery and its current second request within one month should be also be rejected by Your Honor.

      Also, Continental has seen this wreckage multiple times prior to litigation, including as a party participant to the National Transportation Safety Board's investigation. Neither Plaintiffs nor their representatives were permitted to participate in that investigation, but Continental was, along with the manufacturer of the aircraft and a defendant in companion litigation. Continental also participated in a preliminary inspection of the wreckage noticed by the Plaintiffs prior to this suit being filed against it on August 12, 2021.

      Indeed, Continental does not have a problem with the inspection itself. Continental has not raised an objection to the protocol and what is being done at the inspection; a fact it confirmed during the meet and confer teleconference. Continental simply seeks to delay the inspection in hopes it will gain some legal ground either here, or in its motion filed in New York to dismiss on the grounds of personal jurisdiction. This is no justification for delay.

      Further, there are scheduling orders in place in this action, as well as is in the companion New York litigation.[1] The purpose of this inspection is to conduct further examination in a

---

[1] As the Court can see, this is far from the only action arising from this accident. In fact, there are two suits in New York, *Bocker v. Hergin Aviation, Inc. et al.*, No. 2019-53513 (N.Y. Supreme Ct. Dutchess); *Bocker v. Hergin Aviation, Inc. et al.*, No. 20231-53475 (N.Y. Supreme Ct. Dutchess);

laboratory setting. In fact, the inspection was once moved to the upcoming dates in March to accommodate Continental's schedule. The parties in all actions have gone to great lengths to logistically accomplish this inspection, which is detailed in over 15 e-mails and correspondence between the various parties outlined in the attached chart. (Ex. A). To the extent the Court would like to view this correspondence itself, Plaintiffs are happy to provide it.

Continental seems to be using this discovery dispute process to reargue its motion to dismiss. This is not the time or forum for such an argument. Further, there can be no conceivable argument that there is ignorance of CPLR 3214(b) in New York, as Plaintiffs agreed this inspection, noticed in all actions, would not constitute waiver of a personal jurisdiction defense.

Organizing this inspection multiple times has taken a great amount of effort on the part of Plaintiffs' counsel, their staff and all participants for that matter. It was necessary to secure, engage and schedule experts to attend the inspection. Arrangements had to be made with the third-party facility to ensure it had the required equipment for the tasks contemplated in the inspection protocol. If this inspection, which inevitably has to occur regardless of where or how this case proceeds, is squandered again, the costs and efforts of all parties involved will be wasted. For all the foregoing reasons, Plaintiffs respectfully request that Continental's request be denied.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)

---

and one in North Carolina, *Bocker v. Continental, et al.* No. 21-CVS-10918 (N.C. Superior Ct. Wake). The inspection at issue has been coordinated with all of the parties to each of these suits.