# EXHIBIT A

SUPREME COURT- STATE OF NEW YORK
DUTCHESS COUNTY

Present:
      Hon. HAL B. GREENWALD
                                          Justice.

SUPREME COURT: DUTCHESS COUNTY
_____x

HANNAH BOCKER, SARAH BOCKER and
BARBARA BOCKER as Administrator of the estate of
GERARD BOCKER and BARBARA BOCKER,       DECISION & ORDER
Individually,       Index No- 53475-2021
      Motion Sequence #2

                                      **Plaintiffs,**

    -against-

HERGIN AVIATION INC., KNIPPING-DIAZ and
ASSOCIATES INC., CESSNA AIRCRAFT
CORPORATION d/b/a n/k/a TEXTRON AVIATION,
INC., HARTZELL ENGINE TECHNOLOGIES,
CONTINENTAL AEROSPACE TECHNOLOGIES,
INC. f/k/a CONTINENTAL MOTORS, INC.,
SOUTHTEC AVIATION LLC, BERKSHIRE
AVIATION HOLDINGS, INC., BERKSHIRE
AVIATION ENTERPRISES, LLC, PINE MOUNTAIN
AVIATION, LLC, and JOHN DOES 1-10,

                                        **Defendants.**
_____x

    The following papers were reviewed and considered by the Court in determining the within Decision and Order.

    NYSCEF Doc. Nos. 1, 7, 21, 22, 30-41, 47-65, 74.

1

THE ACTION AND THE RELEVANT PARTIES

This is an action in negligence for damages as a result of a private aircraft crash into a private residential home on August 17, 2019. On August 12, 2021 Plaintiffs filed their 64 page Summons and Verified Complaint against multiple defendants. The Plaintiffs were family members who occupied a home at 235 South Smith Road, Union Vale, NY where the plane crashed. Plaintiff HANNAH BOCKER was injured in the crash; Plaintiff SARAH BOCKER suffered serious emotional injuries from witnessing the crash. Hannah and Sarah's father Plaintiff's Deceased GERARD BOCKER died from his injuries suffered by reason of the crash. Plaintiff BARBARA BOCKER was appointed by the Dutchess County Surrogate as Administrator of the Estate of GERARD BOCKER and was the wife of GERARD BOCKER at the time of his death. Plaintiff BARBARA BOCKER's claim is derivative.

THE INSTANT MOTION TO DISMISS (Motion Sequence #2)

There are numerous Defendants in this matter, and there have been other lawsuits that have been consolidated with the instant action. However, the within Decision and Order only concerns Defendant CONTINENTAL AEROSPACE TECHNOLOGIES INC f/k/a CONTINENTAL MOTORS, INC. (hereinafter referred to as CONTINENTAL. Plaintiffs claim that CONTINENTAL *"...defectively designed and manufactured the Engines, failed to provide adequate warnings to operators of the Engines, breached express and implied warranties, and inflicted emotional distress upon Plaintiffs. See Complt., Counts IV, V, VI, and XV..*

On October 13, 2021, CONTINENTAL filed a Notice of Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction (Motion Sequence #2) pursuant to CPLR 3211 (a)(8) In support of its Motion, CONTINENTAL filed a Memorandum of Law with Exhibits and an Affidavit of CONTINENTAL's Quality Manager, Michael Ward.

Continental was the manufacturer who assembled the subject aircraft's two 920 engines at Continental's principal place of business in Mobile, Alabama in early 2008. On February 18, 2008 the engines were shipped to Continental's customer, Omaha Airplane Supply in Fort Dodge, Iowa. Continental has had no further contact with these engines until it was contacted by the National Transportation Safety Board (NTSB) after the subject airplane crash. Continental's position is that it has no relevant contacts with New York, is a Delaware corporation and conducts its principal business operations in Alabama. It claims to have no distributors in New York, does not own property, have no employees, no bank accounts or other assets in New York It also does not regularly look for business in New York through advertising, trade show, marketing events or any other means. Therefore New York law and the Due Process Clause bar this action against Continental. Here, Continental moves pursuant to CPLR 3211(a)(8) to dismiss the action against Continental for lack of personal jurisdiction by reason that Plaintiffs' Complaint does not make a prima facie case of either general or personal jurisdiction.

The movant cites *Miller v. A.O. Smith Water prods. (In re N.Y.C. Asbestos Litig.)* No.2019 N,Y, Misc LEXIS 3754 (Sup. Ct. N.Y.C. Jul 11, 2019) specifically the decision of the court granting defendant Crown Equipment Corporation's (Crown) motion to dismiss pursuant to CPLR 3211 (a)(8) for lack of jurisdiction. *Miller* concerned Mr. Miller being diagnosed with

2

asbestos-induced mesothelioma from working around various products that involved defendant A.O. Smith. Crown was also named as a defendant. The facts gleaned from testimony is that Mr. Miller was exposed to asbestos in New York and Georgia, but only involved work on Crown products in Georgia, not in New York. Further, Mr. Miller was not a New York resident at any relevant time.

The court in *Miller* first discussed general jurisdiction and found that since New York was neither Crown's place of incorporation, nor its principal place of business, New York courts did not have general jurisdiction. (See *Goodyear Dunlop Tires Operations, S.A. v Brown,* 131 S. Ct. 2846 (2011) Next the court reviewed the requirements for a finding of specific jurisdiction. Here the court said that jurisdiction requires some connection, some nexus between the location of the court (New York) and the specifics of the incident that caused the injury and looked to CPLR 302(a) which states as follows:

> ***302. Personal jurisdiction by acts of non-domiciliaries***
>
> *(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:*
> *1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or*
> *2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or*
> *3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he*
> *(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or*
> *(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or*
> *4. owns, uses or possesses any real property situated within the state.*

Taking it all into account, especially that there was no contact between Mr. Miller and any Crown products in New York, the court found there was also a lack of specific jurisdiction and granted the motion to dismiss made by Crown. Continental compares *Miller* with the facts at hand and restates that it has no office in New York, is incorporated in Delaware has its principal offices in Alabama. Further CPLR 302(a) known as the Long -Arm statutes does not automatically grant jurisdiction The Memorandum of Law interposed by Continental in support of the motion to dismiss addresses each of the above sub divisions of CPLR 302(a), citing cases and mixing the facts of this case to conclude the long-arm statutes do not apply.

Moreover, Continental asserts, that the Plaintiffs merely allege as to all the Defendants general "jurisdictional allegations". Further Continental proposes that even if the jurisdictional claims were specified, the sworn Affidavit of Michael Ward, the Quality Leader at Continental Aerospace Technologies, Inc. f/k/a Continental Motors, Inc. (Continental) refutes all specific claims.

3

THE WARD AFFIDAVIT

Michael Ward's Affidavit restates that Continental is incorporated in Delaware with its principal place of business and headquarters in Mobile, Alabama. It manufacturers its engines in Mobile and Fairhope, Alabama and nowhere else. The completion of the manufacture of the subject Engines was early 2008 and they were shipped to Omaha Airplane Supply in Fort Dodge, Iowa. Continental had no contact with any party to this case. The very brief and to the point Affidavit of Michael Ward, the Quality Leader of Continental concludes:

> *21. Continental does not engage in any persistent course of conduct in New York:*
> *a. Continental does not maintain any offices in New York.*
> *b. Continental does not maintain any employees in New York.*
> *c. No officers, directors, or employees of Continental reside in New York.*
> *d. Continental does not own or lease any property in New York.*
> *e. Continental does not maintain any bank accounts or other assets in New York.*
> *f. Continental does not maintain a telephone or facsimile listing in New York.*
> *g. Continental is not obligated to, and does not, pay any income taxes in New York.*

Therefore, it is Continental's position that New York does not have jurisdiction over Continental in this lawsuit and the Plaintiffs' action must be dismissed.

PLAINTIFFS' OPPOSITION TO CONTINENTAL'S MOTION TO DISMISS

Plaintiffs filed a Memorandum of Law in Opposition to Continental's Motion to Dismiss for lack of jurisdiction (Motion Sequence #2). Plaintiffs Preliminary Statement instantly proclaims that this case:

> *is a paradigm example of an instance in which specific jurisdiction should be exercised over Continental, a self-proclaimed "global leader in General Aviation1 " which serves a national market, to include New York. Its product, namely the aircraft engine assemblies, malfunctioned and caused the accident aircraft to crash. That crash was here in Dutchess County, New York, which caused the injuries and death to New York residents, due to the crash of an aircraft flown by a New York pilot. The New York interest and connection in this matter is overwhelming, and entirely analogous to the fact pattern in the Ford case recently decided by the United States Supreme Court.*

*FORD MOTOR CO. v MONTANA EIGHTH JUD. DIST. CT. Case*

The Opposition cites to *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026, 209 L. Ed. 2d 225 (2021). There were two unrelated injury cases in Montana and Minnesota that involved Ford automobiles. Ford, who was incorporated in Delaware and had its headquarters in Michigan moved to dismiss both state court cases due to lack of personal jurisdiction. The thrust of Ford' position was that there must be a 'causal link" between the design and manufacture of the vehicles and the crash. It was claimed that there could only be

4

jurisdiction if Ford had designed or sold the subject vehicles within the state where the accident took place. The Supreme Court rejected Ford's position.

The key to the Supreme Court ruling in *Ford* was what is known as "purposeful availment", meaning Ford availed itself of conducting business in the forum state. Once this is established as being purposeful, not a random choice on Ford's part, the claim must arise out of that contact between Ford and the subject forum. Essentially, it would be unfair to allow Ford to escape jurisdiction when it purposefully availed itself of doing business in Montana and Minnesota, where the accidents took place. Besides just selling vehicles in Montana and Minnesota, Ford also distributes parts and provides services to cars in those two states.

IS THERE GENERAL JURISDICTION?

It is asserted that Continental has conducted business in New York State to such an extent that it has purposefully availed itself of that benefit. Accordingly, in the instant matter, Continental must be subject to jurisdiction.

The BOCKER Plaintiffs next claim that CONTINENTAL is subject to general jurisdiction simply by virtue of it being a registered corporation in New York. (See CPLR 301 and *Daimler AG v Bauman,* 571 U.S. 117 (2014). *Daimler* was a much more convoluted fact pattern that this Court will not spend the time dissecting. However, it did not permit general jurisdiction to be found where a subsidiary of a worldwide corporation might have been viewed as conducting business "at home" in California, but general jurisdiction could not be found on that basis. Accordingly, this Court did not find *Daimler* to be favorable to BOCKER's claim that Continental is subject to General Jurisdiction.

DOES THE LONG ARM STATUTE APPLY?

Plaintiffs propose that CPLR 302(a)(2) applies since the accident occurred within New York State. Alternatively, that CPLR 302(a)(3) applies since the tortious act (the design and manufacture of the engine) occurred outside New York State. Further, even CPLR 302(a)(1) applies by reason that Continental supplied products and services to New York State. Yes, the Long Arm Statute CPLR 302(a) applies says BOCKER.

*The COHEN v. CONTINENTAL MOTORS, INC et al Case*

Next, Plaintiffs assert that a North Carolina case, *Cohen v Continental Motors, Inc. et al.,* 2021-NCCOA-449, -- S.E.2d---, 2021 WL 4057548 (N.C. App. Sept 7, 2021) is very similar and illustrative of the instant matter before the Court. *Cohen* concerned a fatal aircraft crash in North Carolina, involving Continental engines. North Carolina was the residence of the decedents and was where the plane was registered and serviced. However, while the trial court dismissed the case for lack of personal jurisdiction, the appeals court reversed. The facts in *Cohen* are strikingly similar to the BOCKER matter.

Continental (known as CMI in the *Cohen* case) designed and manufactured the subject engines in Alabama and shipped them to a company who installed them in another state in Bend

5

Oregon. CMI sold parts through distributors in North Carolina where the crash took place involving North Carolina residents.

After the trial court had dismissed the case in *Cohen* but before the appeal was decided is when the *Ford* decision was handed down by the Supreme Court The appellate court commented in *Cohen* that:

> *"this exact fact pattern (a resident-plaintiff sues a global [aviation] company, extensively serving the state market . . . for an in-state accident)" also effectively functions "as an illustration—even a paradigm example—of how specific jurisdiction works." See id. at ___ (slip op. at \*2). Therefore, applying Ford to the particular facts of this case, exercise of personal jurisdiction in North Carolina over CMI does not offend the Due Process Clause of the Fourteenth Amendment.*

CONTINENTAL'S REPLY

In its Reply, which was offered by "Skinner Law Group by Gary A. Gardner, which is neither a sworn to Affidavit, nor an Attorney Affirmation, but most appears to be a Memorandum of Law, as it contains case citations and unsworn conjecture, seeks to refute each and every point claimed by BOCKER by proposing:

1. 1Continental is not a New York corporation.
2. BOCKER has not submitted any affidavits or admissible evidence in opposition to Continental's Motion to Dismiss.
3. Different corporate entities litigated cases in New York so specific jurisdiction does not lie
4. Continental's website says it has been in business since 1905 contradicts the Ward Affidavit.
5. Continental does not derive revenue from every state
6. Placement of a product into the stream of commerce does not confer jurisdiction
7. Continental had an engine overhaul shop on Long Island is insufficient to confer jurisdiction
8. *Ford* does not apply, there are no relevant contacts between Continental and New York
9. *Cohen* is not binding and still is on appeal

In summation Continental claims that this court should not grant jurisdictional discovery as plaintiffs have not set forth any affidavits or tangible evidence to defeat Continental's motion.

CONCLUSION

Although Defendant CONTINENTAL is incorporated in Delaware and does its design and manufacturing business in Alabama, it is a supplier of engines to the general aviation market throughout the United States. CONTINENTAL engines were found on the subject aircraft that crashed in New York State, where it was registered. The pilot was licensed and conducted his business in New York, the decedent and injured parties were New York residents. The plane's route on the day of the crash began in New York State and was to end safely in New York State.

6

CONTINENTAL maintained distributors for its parts in New York State. As a designer and manufacturer of aircraft engines, Continental certainly was aware that its product could be found in New York State, and Continental did nothing to prevent its use in New York State. It appears that Continental's business plan was to sell and ship its finished engines to those businesses who would either assemble their engines onto an aircraft or replace engines and attach them to aircraft. Certainly, it was expected and anticipated that the nature of the business, **design and manufacture of aircraft engines** could be a factor in an aircraft crash. Since, it appears that CONTINENTAL availed itself of doing business in New York State, it equally appears it would be fair and responsible to those who utilized CONTINENTAL engines that CONTINENTAL could be held responsible for any tortious injury in New York would be litigated in New York courts.

By reason of all the foregoing it is

ORDERED that the Motion (Motion Sequence #2) by Defendant CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS, INC. pursuant to CPLR 3211(a)(8) seeking an Order dismissing the BOCKER' Plaintiffs' Verified Complaint is **DENIED.**

Any relief not specifically granted herein is denied.

The foregoing constitutes the Decision and Order of this Court.

Dated: April 12, 2022
      White Plains, New York                                                E N T E R

*/s/ Hal B. Greenwald*

Hon. Hal B. Greenwald, JSC

**Pursuant to CPLR Section 5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.**

7

Gary A. Gardner
The Skinner Law Group
Attorneys for Defendant
Continental Aerospace
Technologies, Inc., f/k/a
Continental Motors, Inc.
200 Broadhollow Road, Suite 207
Melville, NY 11747
(917) 538-2774
Gardner@Skinnerlawgroup.com

Kelly Murtha, Esq.
Thomas G. Cascione, Esq.
Cascione, Purcigliotti & Galluzzi, P.C.
Attorneys for Plaintiffs
274 White Plains Road, 2nd Floor, Suite 6
Eastchester, New York 10709-4419
(914) 961-1263
kelly.murtha@cpglawyers.com
tcascione@cpglawyers.com

Michael S. Miska, Esq.
The Wolk Law Firm
Attorneys for Plaintiffs
1710-12 Locust Street
Philadelphia, PA 19103
(215) 585-4220
mmiska@airlaw.com

Anthony DeFazio
Anthony DeFazio Law P.C.
Attorneys for Plaintiff
Sarah Bocker
355 Main Street
Beacon, NY 12508

Paul G. Roche, Esq.
Litchfield Cavo, LLP
Attorneys for Defendant
Knipping-Diaz And Associates Inc.
420 Lexington Avenue, Suite 2104
New York, NY 10017
(860) 413-2800

8

roche@litchfieldcavo.com

Robert J. Brown, Esq.
Fred G. Wexler, Esq.
Brown Gayalas & Fromm, LLP
Attorneys for Defendant
HerGin Aviation Inc.
505 Fifth Avenue, 5th Floor
New York, New York 10017
(212) 983-8500
fgw@browngavalas.com

Paul A. Lange, Esq.
Alison L. Squiccimarro, Esq.
Law Offices of Paul A. Lange, LLC.
Attorneys for Defendant
Pine Mountain Aviation, LLC
80 Ferry Blvd.
Stanford, CT 06615
(203) 375-7724
pal@lopal.com
als@lopal.com

Michael L. Kenny Jr., Esq.
Wiggin and Dana, LLP
Attorneys for Defendant
Cessna Aircraft Corporation d/b/a
n/k/a Textron Aviation, Inc.
437 Madison Avenue, 35th Floor
New York, NY 10022
(212) 551-2600
mkenny@wiggin.com

Michael J. Crowley, Esq.
Samantha M. Diorio, Esq.
Attorneys for Defendant
Hartzell Engine Technologies, LLC
(i/s/h/a Hartzell Engine Components, Inc.
/Hartzell Engine Technologies)
888 Seventh Avenue, 9th Floor
New York, NY 10106

9

(212) 307-3700
mcrowley@connellfoley.com
sdiorio@connellfoley.com

10