

**ANDREA S. BROOKS**
Direct Phone:  302.225.0861
Email:  abrooks@wilks.law

May 20, 2022

**<u>Via E-Filing</u>**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE  19801-3555

   Re: *Bocker, et al. v. Hartzell Engine Technologies LLC, et al.*
      <u>C.A. No. 21-cv-1174-MN-CJB</u>

Dear Judge Burke:

  Pursuant to this Court's Order dated May 10, 2022 (D.I. 42) the parties hereby submit a joint supplemental letter setting forth their respective positions regarding any impact that the disposition of Continental's motion to dismiss in the New York state action has on its motion to dismiss.

  By means of background, the Superior Court for Dutchess County, New York denied Continental's motion to dismiss on the basis of personal jurisdiction on April 12, 2022.  A copy of that opinion was filed for this Court's reference on April 18, 2022 (D.I. 39).  Since that order, Continental filed a notice of appeal of that decision.

**Plaintiffs' Position**

  Plaintiffs position is that this matter should be stayed, as requested by both Continental and Plaintiffs in the briefing on their motion to dismiss, particularly in light of the denial of Continental's motion in New York.  Continental's filing of a notice of appeal in the New York action does not change this position.  The filing of this notice simply allows Continental to appeal to the Appellate Division, Second Department, and are given six months to perfect their appeal (*i.e.* file their brief and the Record on Appeal), however it does not stay the underlying matter.

  The motion to dismiss by Hartzell Engine Technologies in New York, as well as those by other parties who are not named in this Delaware action, have yet to be decided.

  The decision by the New York Superior Court favors allowing that litigation to proceed, and staying this matter during the pendency of Continental's appeal, in order to avoid unnecessary duplicate litigation, all the while allowing Plaintiffs to preserve their claims against Continental.  That remains the first filed state court action where all of those parties whom Plaintiffs allege are responsible for this accident are located.  A stay will further preserve this

The Honorable Christopher J. Burke
May 20, 2022
Page 2

Court's resources without causing prejudice to any party. *Smith v. Pepco Holdings, Inc.*, No. CIV.A.N09C-02-099CLS, 2011 WL 2178628, at *2 (Del. Super. Ct. May 25, 2011).

**<u>Defendant's Position</u>**

Defendant Continental Aerospace Technologies, Inc. respectfully submits that the denial of its personal jurisdiction motion in the New York litigation should have no impact on this Court's disposition of the pending motion in this case. Continental agrees with Plaintiffs that the first-filed New York litigation is likely to proceed for the foreseeable future. As Plaintiffs cannot litigate the same claims against Continental in two different jurisdictions, this action must be either dismissed or stayed. For the below reasons, as set forth in more detail in Continental's Motion to Dismiss, dismissal is the more appropriate disposition at this time.

First, in its Motion to Dismiss filed here (Doc. 13), Continental asks this Court to dismiss Plaintiffs' Amended Complaint because the claims contained therein fail under Rule 12(b)(6) and Delaware law. Unlike in New York, personal jurisdiction is not at issue here. The New York courts' resolution of the jurisdictional questions at issue there have no bearing whatsoever on the legal issues raised in Continental's Motion to Dismiss here. Thus, there is no reason why this Court should not rule upon those issues, which are fully briefed and ripe for review.

Second, Continental respectfully submits that the most efficient exercise of this Court's inherent authority to control its docket would be to rule upon the merits of Continental's Rule 12 motion presently, as opposed to staying this case with the motion pending. To the extent this Court determines that any of Plaintiffs' claims are barred as a matter of Delaware law and/or fail to state a claim under Rule 12(b)(6), dismissing such claims now would narrow the scope of this litigation, enable the parties to pinpoint the issues actually in dispute, if any, and conserve judicial resources should this action resume at some point in the future.

Finally, Continental respectfully submits that dismissal of Plaintiffs' claims against Continental is the more appropriate remedy at this juncture in light of 10 *Del. C.* 8118, *Reid v. Spazio*, 970 A.2d 176 (Del. 2009), and *Cohen v. Cont'l Motors, Inc.*, No. 1:20-cv-00487-SB, 2021 U.S. Dist. LEXIS 30726 (Dist. Del. Feb. 18, 2021). Plaintiffs have not articulated any reason for which this Court should deviate from the foregoing authority and decline to address Continental's Rule 12 motion prior to staying any remaining claims.[1] Continental therefore respectfully submits that adjudication of its Rule 12 motion would promote efficiency and serve justice.

---

[1] Additionally, Defendant Hartzell Engine Technologies LLC has informed Continental via email dated May 17, 2022 that its opposition to entry of a stay in this case remains unchanged since it filed its Opposition to a Stay of the Proceedings (Doc. 19) in January of this year. Hartzell submits that jurisdiction in Delaware is proper as to both defendants and that there is no reason to further delay this case while Continental's interlocutory appeal makes its way through the New York courts.

The Honorable Christopher J. Burke
May 20, 2022
Page 3

                                          Respectfully,

                                          */s/ Andrea S. Brooks*

                                          Andrea S. Brooks
                                          (DE Bar #5064)

ASB/nea

cc: All Counsel (via E-Filing)

